**Richard C. FIORE, Plaintiff, Appellant,**

v.

**WASHINGTON COUNTY COMMUNITY MENTAL HEALTH CENTER, et al., Defendants, Appellees.**

**Nos. 91–1027, 91–1842.**

United States Court of Appeals, First Circuit.

March 30, 1992.

John W. Ranucci with whom D'Agostino & O'Donnell, Providence, R.I., were on brief, for plaintiff, appellant.

Charles J. Vucci with whom Thomas C. Plunkett, Leonard A. Kiernan, Jr., and Kiernan, Plunkett & Woodbine, Providence, R.I., were on brief, for defendants, appellees.

Gael Mahony with whom Ben T. Clements, Hill & Barlow, Boston, Mass., and David L. Shapiro, Cambridge, Mass., were on brief, amicus curiae.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, TORRUELLA, SELYA and CYR, Circuit Judges.

## OPINION EN BANC

COFFIN, Senior Circuit Judge.

A panel of this court confronted a technical problem of civil procedure—how the "separate document" requirement of Fed. R.Civ.P. 58 should be applied in the context of post-judgment motions—and concluded that meticulous compliance with the rule was necessary. The full court, suspecting that a more flexible approach might exist, decided to reconsider the issue en banc. Having given careful consideration to the policies and practicalities at issue, we reaffirm the position originally adopted by the panel and advocated by amici.[1] We therefore hold that the separate document requirement applies to all appealable post-judgment orders.[2]

### I.

As the panel noted, only a few facts concerning the underlying lawsuit are necessary for an understanding of the issue before us. Richard Fiore originally brought this action alleging that the Washington County Community Mental Health Center and its employees had treated his young daughter negligently by erroneously teaching her that her father had engaged in "sexually inappropriate behavior" toward her. In March 1990, the district court granted summary judgment for the defendants.

Fiore subsequently filed a motion pursuant to Fed.R.Civ.P. 60(b) to vacate the summary judgment and asking for leave to file a third amended complaint. On June 27, 1990, the district court denied the petition by means of a notation on a photocopy of Fiore's motion.[3] On July 17, Fiore filed a motion seeking reconsideration or, alternatively, explanation of the court's reason for denying the 60(b) motion. On September

---

**1.** To assist our deliberations, we asked litigator Gael Mahony and Professor David Shapiro of Harvard University's School of Law to study the issue and prepare a joint amicus brief.

**2.** We limit our discussion to *denials* of post-judgment motions only because the *granting* of such a motion presumably effects a change in the original judgment and therefore more clearly requires a separate document setting out the change. *But see Wright v. Preferred Research, Inc.,* 937 F.2d 1556, 1561 (11th Cir.1991) (no separate document required when motions denied or when court "amends, remits or in any way alters a judgment that has already been entered once in accordance with Rule 58").

**3.** The word "Denied" was typed onto the front of the motion above the judge's signature and the date.

21, the district court denied the motion by means of a margin notation and without discussion.

On October 22, Fiore moved the district court for entry of final judgment on the June 27 denial of his Rule 60(b) motion. He contended that that decision was not final for purposes of appellate review because the order denying his motion had not been set forth on a "separate document," as required by Rule 58 of the Federal Rules of Civil Procedure.[4] The district court issued a Memorandum and Order holding that the finality of the June 27 decision "is a matter for the First Circuit Court of Appeals to consider when and if Mr. Fiore appeals *that* decision."[5] Accordingly, the court dismissed the motion for want of jurisdiction. Fiore then filed the appeal first heard by our panel last year, and now before us again.[6]

At stake is Fiore's right to appellate review of the district court's June 27 decision. If Fiore is correct that the district court had not entered a final judgment because there was no "separate document," the time for filing an appeal of the decision would not yet have begun to run. If the judgment had become final, however, the time for appeal would have passed.

The panel concluded that the policies underlying the separate document rule require that it be applied rigidly in both the post-judgment and final judgment contexts. The ruling created some confusion, however, because of the longstanding practice of trial judges disposing of post-judgment motions with curt margin orders. A major-

ity of the court considered the problem sufficiently troublesome to warrant en banc review and, accordingly, we withdrew the panel decision to take a second look.

## II.

### A. *Language of the Rules*

Rule 58 provides that "every" judgment shall be set forth in a separate document, and Rule 54(a) defines the word "judgment" to include "a decree and any order from which an appeal lies." In this circuit, it is well-established that denials of Rule 60(b) motions are appealable orders, *see, e.g., FDIC v. Ramirez Rivera,* 869 F.2d 624, 626 (1st Cir.1989); *Echevarria–Gonzalez v. Gonzalez–Chapel,* 849 F.2d 24, 27 (1st Cir.1988) ("[T]he order of denial [of a Rule 60(b) motion] meets the definition in the Federal Rules of a 'judgment'."). The language of the rules thus clearly embraces such orders, directing that they be set forth on a separate document to be effective and to trigger the time for appeal.

Although this case specifically involves only an order rendered under Rule 60(b), amici, *see supra* note 6, have urged us to address Rule 58's impact on post-judgment motions comprehensively and *to* adopt a uniform approach for all orders denying post-judgment motions under Rules 50(b), 52(b) and 59(b) and (e), as well as under Rule 60(b).[7] Because the underlying principles are closely analogous, we believe it is appropriate to do so. As with Rule 60(b) denials, we consistently have

---

**4.** Rule 58 requires that "[e]very judgment shall be set forth on a separate document," and it provides that "[a] judgment is effective only when so set forth...."

**5.** Before filing his Rule 60(b) motion, Fiore had filed a notice of appeal to this court from the March 20, 1990 order granting summary judgment. He twice received extensions of time for filing his brief and appendix so that, if necessary, his appeal from the Rule 60(b) decision could be consolidated with the original appeal. Fiore ultimately let the final deadline pass, however, and this court dismissed the underlying appeal for failure to prosecute under Local Rule 45. We subsequently denied Fiore's motion to recall mandate and reinstate his appeal. Thus, Fiore no longer has an appeal on the merits.

**6.** It has long been the view of this Circuit that district court orders refusing to enter judgments are appealable. *Willhauck v. Halpin,* 919 F.2d 788, 790 n. 3 (1st Cir.1990); *In re Forstner Chain Corp.,* 177 F.2d 572, 575–76 (1st Cir.1949).

**7.** Rule 60(b) permits a party to seek relief from judgment for various reasons, including mistake, newly discovered evidence or fraud. Rule 50(b) governs motions for judgment notwithstanding the verdict. Rule 52(b) governs motions for amended or additional findings. Rule 59(b) permits a motion for new trial, and 59(e) permits a motion "to alter or amend the judgment."

held that denials of other post-judgment motions challenging the judgment are appealable separately from the appeal of the underlying judgment. *See, e.g., Mariani–Giron v. Acevedo–Ruiz*, 945 F.2d 1, 3 (1st Cir.1991) (denial of Rule 59(e) motion to alter or amend judgment); *Creedon v. Loring*, 249 F.2d 714, 717 (1st Cir.1957) (denial of new trial motion may be appealed despite failure to appeal original judgment). Such orders therefore also constitute "judgments" subject to Rule 58's separate document requirement.[8]

Moreover, denials of motions made under Rules 50(b), 52(b), and 59(b) and (e) are subject to the separate document requirement as well by virtue of Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 4(a)(4) provides that, when a timely motion has been made under any of those three Rules of Civil Procedure, the time to appeal the underlying judgment will run from "the entry of the order" denying or granting the motion. Subsection (7) states that, to be entered within the meaning of Rule 4(a), a judgment or order must be "entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Rule 4(a) therefore expressly imposes Rule 58's separate document requirement on denials of these motions.

## B. *The Principle at Stake*

The clear mandate of the language is underscored by the policy behind the separate document rule, which we believe can be satisfied only if the provision is applied without exception to all appealable judgments. The sole purpose of the separate document requirement, enacted by a 1963 amendment to Rule 58, was "to establish a certain reference point for determining the timeliness of post-judgment motions and appeals." *Alman v. Taunton Sportswear Mfg. Corp.*, 857 F.2d 840, 843 (1st Cir.1988) (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam)). Logically, then, the rule should be applied to the specific order that starts the clock running. Without consistent application of this formality, there would be no unambiguous signal that the time for appeal has begun to run. *But see Wright v. Preferred Research*, 937 F.2d 1556, 1560–61 (11th Cir. 1991).

The need for a post-judgment "separate document" is particularly acute in the context of Rule 60(b) motions, which neither affect the finality of the original judgment nor extend the time for appealing the judgment. Because the appeal of an order denying a Rule 60(b) motion can be wholly independent of, and not linked in time to, the date of the underlying judgment, the separate document issued for that original judgment in no way informs a party of the time to appeal the motion denial. The only significant date is the date of the order denying the motion. It therefore follows that, to provide certainty about the proper time for appeal, such an order must be

---

**8.** Although our court has never held explicitly that denials of post-judgment motions under Rules 50(b) and 52(b) are final decisions appealable separately from the underlying judgment, we see no basis upon which to distinguish such orders from those rendered on motions made under Rule 59.

We recognize that this approach is at odds with some authority from other circuits, which generally allow review of orders denying post-judgment motions only as part of the appeal from the underlying judgment. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2818, at 116 (1973) (collecting cases); 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 59.15[1] at 59–288 & n. 4 (1991) (collecting cases). *But see, e.g., Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811 (9th Cir.1981), *overruled on other grounds by In*

*Re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349 (9th Cir.1989) (order denying motions for relief under Rule 59(e) is appealable); *Preble v. Johnson*, 275 F.2d 275, 277 (10th Cir.1960) (denial of new trial is appealable). This rule of nonappealability has two important exceptions, however: (1) if the motion involves new matters arising after the judgment, an order denying the motion is appealable, (2) when an appeal is taken improperly from the order denying a post-judgment motion, the appeal is treated as if taken from the underlying judgment. 11 C. Wright & A. Miller § 2818, at 117–118 & nn. 45, 46 (collecting cases). Since the practical effect of these exceptions would be to permit appeals of many post-judgment orders, we see no reason to revisit our precedent generally holding such rulings to be appealable independently.

entered in accordance with Rule 58's requirements.

Although motions filed under Rules 50(b), 52(b), and 59(b) and (e) are more closely linked to the underlying judgment, the need for a separate document memorializing denials of such motions is equally apparent. Under Fed.R.App.P. 4(a), timely motions under Rules 50(b), 52(b) and 59 suspend the finality of the original judgment, and the time for appeal from both that judgment and denial of the motions runs from the entry of the order denying the motions. Thus, as in the 60(b) context, the separate document setting forth the original judgment is of no help in determining the precise date on which the time to appeal begins to run. The significant date is the date of the order denying the motion. Because Rule 58's purpose is to ensure that that date is precisely clear, the separate document requirement must apply to such orders.

We recognize that the type of uncertainty that prompted the separate document rule is less likely to occur with respect to post-judgment orders than for initial judgments. The Advisory Committee that drafted the requirement expressed particular concern about those occasions on which courts had issued opinions or memoranda containing "apparently directive or dispositive words"—such as "the plaintiff's motion for summary judgment is granted"— and then later signed formal judgments. In such circumstances, it was unclear whether the opinions or the later orders started the time running for appeals and post-judgment motions. *See* Fed.R.Civ.P. 58, Notes of Advisory Committee on Rules, 1963 Amendment. Because post-judgment motions typically will be narrowly focused and fairly specific in defining the relief sought, a brief order disposing of such motions more likely would be the court's last word on the case, and to be understood as such.

■ Nonetheless, some risk of uncertainty always will exist. When a court denies a motion by an informal notation such as that used in this case, the parties may anticipate a memorandum explaining the court's ruling. This would be particularly true for orders on motions brought under Rule 60(b). Because such motions often will raise issues not previously addressed by the court, they may well be expected to elicit further discussion by the court. Moreover, Rule 60(b) orders are reviewable only for abuse of discretion, *Pagan v. American Airlines, Inc.*, 534 F.2d 990, 993 (1st Cir.1976), making it reasonable to assume that the court would follow a brief order with articulated reasons.

We therefore believe that consistency and clarity are better achieved by following the rules as they are written than by trying to draft a set of exceptions or by making efforts to distinguish one type of judgment or order from another. Accordingly, we accept amici's recommendation that we adopt a uniform approach applying Rule 58 to all final orders denying and, *a fortiori*, granting post-judgment motions under Rules 50(b), 52(b), 59(b) and (e), and 60(b).

### C. *The Nature of a Separate Document*

■ Even conceding the applicability of the separate document rule in the post-judgment context, one might argue that what the district court did in this case was enough. Rather than simply noting the denial on the face of the original motion, the court photocopied Fiore's document before typing the word "Denied" and affixing a signature and date onto it. The court thus produced a "separate" piece of paper—the photocopy—to add to the record.

In our view this practice does not fulfill the Rule 58 requirement. The concern noted by the Advisory Committee on Rules stems from the uncertainty that arises when a court issues a summary disposition that may or may not be followed by an explanatory memorandum. A terse marginal notation inscribed on a photocopy of the original motion is insufficient to eliminate the possibility of confusion. It is the informality and brevity of the marginal notation that causes uncertainty, and whether that notation appears on the original or a photocopy is immaterial. In our view, a document originated by the court, separate from any other paper filed in the case, is

necessary to communicate an unambiguous message of finality. *Accord United States v. Woods*, 885 F.2d 352, 353 (6th Cir.1989) (reversing marginal grant of summary judgment) ("A marginal order does not adequately notify a party that its time for appeal has begun to run, for a party may reasonably be confused as to the standing of its case when a decision is rendered in such an informal manner."). *See also Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir.1986) (court order that was "merely endorsed on a stipulation" probably did not meet Rule 58 requirement).

Moreover, we believe that requiring a true separate document in this context is the approach most compatible with Supreme Court precedent on Rule 58. In *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam), the Court held that the requirement must be "mechanically applied," quoting Professor Moore's "cogent observation" that the provision " 'would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective ...,' " *id.* at 220–22, 93 S.Ct. at 1564–65 (quoting 6A J. Moore, *Moore's Federal Practice* ¶ 58.04[4.–2], at 58–161 (1972)). The Court's later decision in *Bankers Trust*, 435 U.S. at 381, 98 S.Ct. at 1117, relaxed the technicality of the rule only in circumstances in which the right to appeal would be aided—as when a party timely appealed, without objection from its adversary, from a judgment that technically was not final.

This precedent suggests that a less formal approach for applying Rule 58's separate document requirement should be undertaken only for the purpose of alleviating inconvenience or hardship caused to *appellants* by the rule's hypertechnicality. We do not see how a standard rule assigning finality to a marginal denial of a post-judgment motion, even if contained on a "separate" photocopy of the motion, would serve such a purpose.

In addition, a party who treated a margin order as final, filing an immediate notice of appeal from it, could find its notice rendered a nullity if the trial court issued a subsequent explanatory memorandum. *See Willhauck*, 919 F.2d at 792 ("[A] Notice of Appeal which is premature ' "simply self-destructs" ' and should be treated as a nullity.") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (quoting 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12[1] (1982))). Causing wheels to spin for no practical purpose is also contrary to the Supreme Court's handling of Rule 58. *See Bankers Trust*, 435 U.S. at 385, 98 S.Ct. at 1120.

Thus, for the sake of certainty and predictability—the goals of the separate document requirement—we think technical compliance with the provision is as necessary in the post-judgment context as it is in disposing of the merits. *Accord Akers v. Ohio Dept. of Liquor Control*, 902 F.2d 477, 480 (6th Cir.1990) (extending *Woods* rejection of marginal decision as final to post-judgment context). *See also* 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 58.05[2] at 58–63 & n. 23 (1991) (When a post-judgment motion is denied, "the better practice would be to follow the separate document requirement...."). *But see Wikoff v. Vanderveld*, 897 F.2d 232, 236 (7th Cir.1990) (a "minute order" suffices when the judge denies a request to alter judgment but is insufficient when court grants motion and amends original judgment); *Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1231–32 (9th Cir.1989) (Rule 58 does not always require separate document in post-judgment context).[9]

---

**9.** In *City of Santa Maria*, the Ninth Circuit refused to require the district judge to issue a document separate from its nine-page order denying a Rule 59 motion. The circuit held that, unlike for judgments on the merits, Rule 58 did not require that there be a "separate, one sentence order" in addition to a lengthy opinion or memorandum for post-judgment motions. 886 F.2d at 1231. This decision, although at odds with our conclusion that post-judgment motions should be treated identically with judgments on the merits, is not necessarily inconsistent with our holding that a photocopy of a marginal notation is insufficient. It is not at all clear that

**236**

We do not expect that strict application of Rule 58 will result in a significantly heavier burden for district courts that until now have created a separate document by typing their disposition on a photocopy of the original motion. Technology makes a true separate document easy to produce. Presumably, the district court has saved (or easily could save) the computer file with the case heading from its final judgment document, and it will take minimal effort to make appropriate revisions for the post-judgment context. *See Carter v. Beverly Hills Savings and Loan Ass'n,* 884 F.2d 1186, 1191 (9th Cir.1989) ("[I]t is very simple to comply with Rule 58. A judgment or an order signed by the judge or clerk that is a separate document and labeled as a judgment or order would clearly comply.").

Moreover, under Rule 58(1), it is primarily the responsibility of the clerk, not the court, to prepare the separate document. Under that subsection, when a party is awarded a sum certain or costs, or when all relief is denied, "the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court." In other circumstances, the court's obligation is only to "promptly approve the form of judgment." *See* Fed.R.Civ.P. 58(2).

Accordingly, we conclude that a marginal notation, even when affixed to a photocopy of the motion, does not satisfy the separate document requirement.

We add that if a more effective and convenient governance of appeals from denials of post-judgment motions can be devised, the responsibility for considering change would lie with the appropriate Rules Committees of the Judicial Conference of the United States.

the 9th Circuit would hold that a marginal notation would satisfy the "separate document" requirement.

**10.** An appellant may be deemed to have waived the requirement when, despite the lack of a separate document, it filed a timely appeal based on the date of the judgment.

**11.** We see no conflict between this conclusion and Supreme Court precedent suggesting that

## III.

▮▮▮ If we were to hold without qualification that a judgment is not final until the court issues a separate document, we would open up the possibility that long dormant cases could be revived years after the parties had considered them to be over. *See Wright v. Preferred Research, Inc.,* 937 F.2d 1556, 1560 (11th Cir.1991). We hasten to shut off that prospect. It is well-established that parties may waive technical application of the separate document requirement. *See Bankers Trust,* 435 U.S. at 387–88, 98 S.Ct. at 1121–22; *Willhauck,* 919 F.2d at 792.[10] We believe it appropriate, absent exceptional circumstances, to infer waiver where a party fails to act within three months of the court's last order in the case. When a party allows a case to become dormant for such a prolonged period of time, it is reasonable to presume that it views the case as over. A party wishing to pursue an appeal and awaiting the separate document of judgment from the trial court can, and should, within that period file a motion for entry of judgment. This approach will guard against the loss of review for those actually desiring a timely appeal while preventing resurrection of litigation long treated as dead by the parties.[11]

## IV.

▮▮▮ Our preceding discussion makes it clear that the district court's June 27 denial of Fiore's 60(b) motion technically was not final. Defendants argue that Fiore nevertheless is foreclosed from filing an appeal because his request for a separate document came too late, after he already had waived the Rule 58 requirement. According to defendants, waiver occurred when

Rule 58's technical requirements should be relaxed only to assist an appeal, not to foreclose one. *See supra* at 235. Allowing a party to use the separate document requirement to delay indefinitely an appeal would not serve Rule 58's purpose of protecting against mistakenly ill-timed appeals. The three-month period generally should ensure that a failure to appeal was a matter of choice, not confusion, and any further delay in finality would serve no one's interest.

Fiore filed a motion for reconsideration of the June 27 decision and asked this court for an extension of time to file an appeal covering that decision.

We disagree that these actions amounted to waiver. Both the Supreme Court and our own court have emphasized that the separate document requirement "should always be interpreted 'to prevent loss of the right to appeal, not to facilitate loss,'" *Willhauck*, 919 F.2d at 792 (quoting *Bankers Trust*, 435 U.S. at 386, 98 S.Ct. at 1121). *See also* 6A *Moore's Federal Practice* ¶ 58.02.1[2], at 58–20; *Spann v. Colonial Village, Inc.*, 899 F.2d 24, 32 (D.C.Cir. 1990); *Matter of Seiscom Delta, Inc.*, 857 F.2d 279, 283 (5th Cir.1988). Consistent with this principle, we have held more than once that a party's decision to move forward with a case in a manner suggesting satisfaction with a non-final judgment does not preclude the party from later contesting the finality of that judgment. *See Willhauck*, 919 F.2d at 792; *Alman*, 857 F.2d at 845. *See also Indrelunas*, 411 U.S. at 221, 93 S.Ct. at 1564 (government's earlier appeal does not foreclose its argument that there had been no appealable judgment).

This case presents an even stronger basis for rejecting waiver than did our previous decisions. The appellants in both *Willhauck* and *Alman* actually had filed appeals, unsuccessful on other grounds, of the decisions they subsequently argued were not final. In this case, however, Fiore never filed an appeal of the judgment he claims lacks finality. Neither of the actions assertedly demonstrating waiver—his motion for reconsideration and his request to this court for an extension of time to appeal—show acquiescence with the non-final decision. The motion for reconsideration presumably was designed to eliminate the need for appeal of the Rule 60(b) judgment, while the request for an extension of time was intended to protect his right to consolidate appeals, if necessary. The fact

that he did not request a formal final judgment until he was ready to seek review in this court in no way demonstrates an intent to waive the protections of the requirement. *Accord Hughes v. Halifax County School Bd.*, 823 F.2d 832, 836 (4th Cir.1987) (rejecting waiver argument where party "filed a motion for entry of judgment, clearly indicating that he did not view the district court's order as its final judgment").

The district court therefore was obliged to enter final judgment on the June 27 decision pursuant to Rules 58 and 79(a), as it did following the panel decision.[12] We, in turn, must now confront Fiore's appeal on the merits.

### V.

■ The district court granted summary judgment for defendants in March 1990 based on the doctrine of collateral estoppel, ruling that Fiore could not relitigate the fact that he had engaged in sexually inappropriate behavior toward his daughter, Katie.[13] Because the court viewed Fiore's negligence claim as premised solely on the defendants' having improperly taught Katie that he abused her, the court concluded that the claim was without foundation.

Fiore's Rule 60(b) motion proposed a new complaint that would bypass the issue of his conduct toward Katie. While deleting reference to his innocence, the complaint would add a paragraph alleging that defendants' tactics permanently alienated Katie from him and thus "constituted a tortious and unjustifiable interference with [their] relationship." *See* ¶ 22 of (proposed) Third Amended Complaint (filed June 15, 1990). He offered in support of his motion the newly obtained opinion of a psychologist, who Fiore claimed would testify that defendants' treatment of Katie was negligent regardless of whether he had engaged in sexually inappropriate behavior towards her.

---

12. Following the district court's issuance of the separate document, Fiore appealed the denial of the Rule 60(b) motion to this court. We consolidated that appeal with the en banc review of the procedural question.

13. In the course of trying the Fiores' divorce action, a Connecticut court had determined that Fiore had, in fact, engaged in such behavior.

This was the motion the court originally denied by means of a margin order. The district court's later explanation stated, in pertinent part, as follows:

First of all, I note that June 27, 1990 was not the first time that I denied plaintiff's motion to file a third amended complaint. I already addressed the issue when I granted the defendants' motion for summary judgment on March 19, 1990. Accordingly, I stand by the reasons articulated in my Memorandum and Order of March 19, 1990.

Fiore argues that, whatever the merit of his 60(b) motion, it was an abuse of discretion for the court to reject it based on the prior reasoning since the motion was specifically drafted to remedy the collateral estoppel problem identified in the earlier order.

We acknowledge that the district court's brief reference to its earlier reasoning appears facially non-responsive to Fiore's motion. Our comparison of the proposed amended complaint with the earlier version persuades us, however, that the court acted within its discretion in denying the motion. The new matter that Fiore sought to introduce focused on the therapeutic approach chosen to treat Katie, which involved efforts by defendants to elicit angry feelings from her toward her father. In ¶ 22, Fiore challenged this approach as "inappropriate, ineffective and damaging," and complained that it "taught the child to hate the plaintiff thus permanently alienating her from [him]."

In the next paragraph, however, Fiore retained the allegation from the earlier complaint that "defendants negligently taught Katie that the plaintiff had sexually abused her." *Compare* ¶ 23 of (proposed) Third Amended Complaint (filed June 15, 1990) *with* ¶ 25 of (proposed) Third Amended Complaint (filed Feb. 5, 1990). Thus, while the new complaint eliminated the explicit assertion that Fiore had never abused his daughter, *see* ¶ 23 of Third Amended Complaint (filed Feb. 5, 1990), it nevertheless *reiterated the theory that defendants'* negligence stemmed from their treating the child based on the inappropriate assump-

tion that Fiore had harmed her. This theory was precisely what the district court had rejected on collateral estoppel grounds, and why the court undoubtedly felt that it could rest on its earlier rationale in rejecting the Rule 60(b) motion.

The new complaint did focus more specifically on the type of therapy used to treat Katie, and the allegations in ¶ 22 could be construed to assert that defendants' improper technique caused a degree of alienation between himself and Katie unwarranted by his sexually abusive behavior toward her. We cannot fault the district court for failing to adopt this interpretation of the new complaint, however, in light of the language in ¶ 23 continuing to link defendants' negligence to their having taught Katie that plaintiff sexually abused her.

■ Moreover, we doubt that the district court would—or should—have reopened the case under Rule 60(b) to permit Fiore to pursue such a claim. Defendants' motion for summary judgment had been based, in part, on the doctrine of collateral estoppel. Fiore therefore had notice long before the case reached final judgment that the district court might rule on that ground. Hence, there was no reason for waiting until after the judgment to offer, as an alternative approach, the expert opinion and recharacterized version of the negligence claim. In such circumstances, we see no basis for disturbing the finality of the judgment.

We therefore affirm the district court's denial of Fiore's Rule 60(b) motion.

*The judgment in No. 91–1027 is reversed, and the judgment in No. 91–1842 is affirmed. No costs.*

## APPENDIX

### SEPARATE DOCUMENTS ON POST-JUDGMENT MOTIONS

Recognizing the practical importance of routinely faithful compliance with the rules as we have interpreted them—on the part of judges, magistrate judges and clerical personnel—we highlight the following:

1. Any order denying (as well as granting) post-judgment motions under Rules 50(b), 52(b), 59(b) and (e), and 60(b) of the Federal Rules of Civil Procedure must be set forth on a "separate document."

2. A "separate document" is a document originated by the court, not a party, separate from any other paper filed in the case. A marginal note on a copy of a motion, for example, will not suffice. Normally, under Rule 58(1), clerks should draft the document for the judge's approval.

3. If a party appeals a judgment that complies with the requirements of Rule 58 *except* that for a separate document

a. within a period that would make the appeal timely if judgment had been entered on a "separate document," we will not dismiss the appeal for lack of such a document but will deem the appellant to have waived his right to it.

b. after the period in subparagraph (a) but within three months of the final action in the case, as set forth in subparagraph (a), we will deem appellant to have waived the right to a "separate document." If, however, no appeal has been filed, the party will be free to argue that judgment has not yet been "entered" as Rule 58 requires, and that the time to file an appeal therefore has not yet begun to run. If, before appealing, the party files a motion to set forth the judgment on a "separate document," the district court should do so.

c. more than three months after the last action in the case, we shall, absent exceptional circumstances, deem the party to have waived his right to a judgment entered on a separate document. Such an appeal therefore will be dismissed as untimely.