USCA1 Opinion

 

 December 16, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1111 ANDREW TEMPELMAN, Plaintiff, Appellant, v. UNITED STATES POSTAL SERVICE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Norman H. Stahl, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Andrew Tempelman on brief pro se. ________________ Jeffrey R. Howard, United States Attorney, and Gretchen Leah __________________ ______________ Witt, Assistant United States Attorney, on brief for appellee. ____ ____________________ ____________________ Per Curiam. In September 1988, Andrew Tempelman was a __________ candidate for the Republican nomination for United States Representative for the Second District seat in New Hampshire. On September 6, 8 and 9 of that year, he delivered a total of 125,817 pieces of campaign literature to the Peterborough Post Office for third-class mailing to New Hampshire voters. Contrary to his expectation, most of these flyers were not delivered prior to September 13, the date of the primary election. Plaintiff filed a pro se suit against the United States Postal Service, seeking reimbursement of his mailing costs and other damages for alleged breach of contract. The district court, adopting the report and recommendation (R&R) of a magistrate-judge, dismissed the case for failure to state a claim,1 and plaintiff now appeals. We affirm. The R&R, which issued on September 10, 1991, advised plaintiff that any objections thereto had to be filed by September 30. Plaintiff filed no such objections, and the district court dismissed the action on October 30, 1991. A ____________________ 1. While the magistrate-judge described the complaint as "frivolous" and cited to Neitzke v. Williams, 490 U.S. 319 _______ ________ (1989), it is apparent that his recommendation was not based on 28 U.S.C. 1915 inasmuch as plaintiff was not proceeding in forma pauperis. Rather, the recommendation was one for __________________ sua sponte dismissal under Fed. R. Civ. P. 12(b)(6). See, ___________ ___ e.g., Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per ____ ______ ____ curiam); Pavilonis v. King, 626 F.2d 1075, 1078 n.6 (1st _________ ____ Cir.) (sua sponte dismissal under Rule 12(b)(6) appropriate, __________ despite lack of notice to plaintiff, where magistrate's report had highlighted deficiencies in complaint), cert. _____ denied, 449 U.S. 829 (1980). ______ docket entry reading "case closed" was entered that same date, but no separate judgment was issued. On November 7, plaintiff filed a motion for an extension of time within which to file his objections. Because the motion failed to recite the date to which extension was sought, as required by local rules, a "notice of refusal" was issued informing plaintiff that the motion would be treated as if never filed. On December 20, 1991, plaintiff filed a motion to "reopen" the case, which the district court summarily denied on December 24. Again, no separate judgment was issued. Plaintiff filed the instant appeal on January 17, 1992. We must first determine what is properly before us for review. Defendant suggests that we have jurisdiction to review only the December 24 denial of the motion to reopen. It contends that, because the notice of appeal was filed more than 60 days after the October 30 order of dismissal, that order is not reviewable on appeal.2 Yet this argument overlooks the fact that the October 30 order was never followed by the entry of judgment on a separate document. ____________________ 2. Defendant adds that the motion to reopen did not operate to toll the time for filing an appeal. That motion, defendant argues, cannot be viewed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), since it was not served within ten days of the October 30 order of dismissal; instead, it must be viewed as one for relief from judgment under Rule 60(b). Unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appeal or affect the finality of the underlying judgment. See, e.g., Browder v. ___ ____ _______ Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 _________________________________________ n.7 (1978); Fed. R. App. P. 4(a)(4). -3- See Fed. R. Civ. P. 58. The separate document rule is to be ___ applied "without exception to all appealable judgments," Fiore v. Washington County Community Mental Health Center, _____ __________________________________________________ 960 F.2d 229, 233 (1st Cir. 1992) (en banc), and "should always be interpreted 'to prevent loss of the right to appeal, not to facilitate loss.'" Willhauck v. Halpin, 919 _________ ______ F.2d 788, 792 (1st Cir. 1990) (quoting Bankers Trust Co. v. __________________ Mallis, 435 U.S. 381, 386 (1978)). Given the lack of a ______ separate judgment here, the time for filing a notice of appeal (or a postjudgment motion) "never commenced running" following the October 30 order of dismissal. Domegan v. _______ Ponte, 972 F.2d 401, 405 (1st Cir. 1992); accord Smith v. _____ ______ _____ Massachusetts Department of Correction, 936 F.2d 1390, 1394 _______________________________________ (1st Cir. 1991). That order is therefore properly subject to review.3 This conclusion, however, avails plaintiff little, given his failure to object to the magistrate-judge's R&R. ____________________ 3. The fact that no separate judgment was entered following the December 24 denial of the motion to reopen does not preclude the instant appeal. Neither party objected to the absence of a separate document below, and neither has been prejudiced thereby on appeal. Under these circumstances, "we deem the parties to have waived the requirements of Rule 58." Smith, 936 F.2d at 1394; accord, e.g., Domegan, 972 F.2d at _____ ______ ____ _______ 405-06 ("[A] notice of appeal deemed premature due to noncompliance with the 'separate document' rule does not deprive the appellate court of subject matter jurisdiction ... and the appeal may proceed in the normal course where the court of appeals determines that the 'separate document' requirement was waived by the parties."); Fiore, 960 F.2d at _____ 236 (discussing circumstances in which waiver will be inferred). -4- "Failure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 31 (1st Cir. _____ _________ 1992); accord, e.g., Keating v. Secretary of HHS, 848 F.2d ______ ____ _______ ________________ 271, 275 (1st Cir. 1988) (per curiam); Park Motor Mart, Inc. _____________________ v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980) ("a _______________ party 'may' file objections within [the specified time] or he may not, as he chooses, but he 'shall' do so if he wishes further consideration"); see also Thomas v. Arn, 474 U.S. _________ ______ ___ 140, 142 (1985) (upholding power of court of appeals to "establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment"). The Supreme Court in Thomas noted that, "because the ______ rule is a nonjurisdictional waiver provision," a default may be excused "in the interests of justice." 474 U.S. at 155; accord, e.g., Valencia v. United States, 923 F.2d 917, 922 ______ ____ ________ ______________ n.5 (1st Cir. 1991). Yet plaintiff has proffered no reasons here that would justify any such leniency. A party is typically given ten days from the date of service within which to file objections, see 28 U.S.C. 636(b)(1); the R&R ___ here afforded plaintiff an additional week to do so, specifying September 30 as the deadline. Plaintiff acknowledges having received the R&R on September 15--over -5- two weeks before that deadline. As required by United States _____________ v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (per _______________ curiam), the R&R specifically warned that "[f]ailure to file an objection waives the right to appeal the presiding judge's decision to the court of appeals." And the two explanations offered by plaintiff for his failure to file a timely objection fall well short. First, he states that he was unable to do so because of his involvement in an arduous proceeding in Tax Court during the month of September. Yet we fail to see how this prevented him from at least filing, prior to the September 30 deadline, a motion seeking permission to file objections late. See Lyons v. Powell, 838 ___ _____ ______ F.2d 28, 29 n.1 (1st Cir. 1988) (per curiam). Plaintiff instead waited until 38 days after the deadline to file a response (which took the form of a defective motion for extension). Such conduct hardly justifies invoking an "interests of justice" exception. Second, plaintiff argues that, because the magistrate-judge took five months after the case was filed to issue his R&R, plaintiff should have had an equivalent amount of time to file his objections. This contention is commendably creative--but otherwise requires no response. In Park Motor, we stated: "The remedy, if any, of a __________ dissatisfied party who failed to object should be by way of a motion for reconsideration disclosing the grounds." 616 F.2d -6- at 605. Construed as such, plaintiff's motion to reopen avails him little; he there addresses the merits of his claim only in cursory fashion. Having reviewed that motion along with the other pleadings in the record, we find nothing that calls into serious question the conclusion below that plaintiff is claiming the infringement of a legal interest that does not exist. The magistrate-judge examined various potential bases for relief--including breach of contract, estoppel, the Federal Tort Claims Act, and statutory/regulatory violations--and found each to be wanting. Plaintiff on appeal disclaims reliance on most of these theories and rests primarily on a claim of breach of implied contract. Yet the agency regulations that he cites impose no enforceable contractual obligations with respect to the time of delivery of third-class mail.4 See, e.g., Rider ___ ____ _____ v. USPS, 862 F.2d 239 (9th Cir. 1988) (affirming dismissal, ____ for failure to state a claim, of breach of contract action brought by political candidate whose third-class mailings ____________________ 4. For example, plaintiff relies on 454.31 of the Postal Operations Manual, which provides: Experience has demonstrated clearly that if all mailers of political material are fully informed of postal requirements--and assured of equal and proper handling of their mailings to bring about prompt delivery of campaign material in time for the elections--there will be no cause for criticism. Plaintiff's attempt to extract an enforceable obligation from this language falls well short. -7- were not timely delivered), cert. denied, 490 U.S. 1090 _____________ (1989). We therefore think the district court was justified in denying the motion to reopen.5 Affirmed. ________ ____________________ 5. Defendant maintains that, even if a contract action were available here, jurisdiction would lie with the Claims Court rather than the district court since plaintiff is claiming damages in excess of $10,000. This assertion appears less clearcut than defendant suggests, see 39 U.S.C. 409(a); ___ compare, e.g., Westwood Promotions, Inc. v. USPS, 718 F. _______ ____ ___________________________ ____ Supp. 690, 695 (N.D. Ill. 1989), with, e.g., Continental ____ ____ ___________ Cablevision of St. Paul, Inc. v. USPS, 945 F.2d 1434, 1440 ______________________________ ____ (8th Cir. 1991); Jackson v. USPS, 799 F.2d 1018, 1022 (5th _______ ____ Cir. 1986), and we have no occasion to address it here. -8-