1 F.3d 1231
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 TOOLING RESEARCH, INC., et al., Plaintiffs, Appellees,
v.
TRI-ONICS, INC., Defendant, Appellant.
 No. 93-1443.
 United States Court of Appeals,
First Circuit.
 August 6, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Thomas E. Nannicelli and Nannicelli & Woods on brief for appellant.
 Richard T. Rook on brief for appellee, Tooling Research, Inc.
 D.Mass.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant claims it did not receive timely notice of the denial of its timely served motion to amend judgment and for that reason failed to appeal. Shortly after learning that the motion to amend had been denied, appellant asked the district court to reopen the time to appeal under Fed. R. App. P. 4(a)(6). The district court denied the motion without stating any reasons or finding whether appellant had been sent notice of the order denying the motion to amend judgment. Appellant now appeals from the order denying its motion to reopen.
 
 
 2
 We decline to determine whether the district court abused its discretion in denying appellant's motion to reopen the time for appeal, Fed. R. App. P. 4(a)(6), because we conclude that the time for appealing has not yet commenced to run and that therefore a timely appeal may be filed.[1]
 
 
 3
 The docket indicates that the district court endorsed defendant's timely served motion to amend judgment as denied and entered the denial on April 13, 1992. There is no indication that a separate document embodying the order of denial and complying with Fed. R. Civ. P. 58 was ever prepared. Consequently, the time for appeal has not expired because it has not yet commenced to run. Fiore v. Washington County Community Mental Health Center, 960 F.2d 229 (1st Cir. 1992). To be sure, in Fiore we indicated that "absent exceptional circumstances," a party wishing to appeal and waiting a separate document should ordinarily request one within three months of the court's last order lest he be found to have waived his right to appeal. Fiore, 960 F.2d at 236 and n.11. Here, however, where counsel's uncontradicted affidavit states that he did not receive notice of the April 13, 1992 entry, the district court docket supports counsel's position (see note one), and the district court did not find that notice was timely sent, we cannot say that the failure to appeal was "a matter of choice, not confusion," Fiore, 960 F.2d at 236 n.11, and we think exceptional circumstances are present. Therefore, waiver will not be inferred. Consequently, as the separate document requirement has not been satisfied, the time for appealing from the July 29, 1991 judgment and April 13, 1992 order has not expired. We therefore affirm the district court's denial of appellant's motion to reopen, but on the ground that no such motion was required since the time for appeal had not run. See, e.g., In re Parque Forestal, Inc., 949 F.2d 504, 510 (1st Cir. 1991) (a reviewing court may affirm on grounds different from those used by the lower court).
 
 
 4
 Appellant's August 25, 1992 motion to reopen manifests an intention to appeal from the July 29, 1991 judgment and April 13, 1992 order. As no purpose would be served by requiring appellant to file yet another piece of paper labelled notice of appeal, we will treat the August 25, 1992 motion as a notice of appeal. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir. 1987) (document meeting Rule 3(c) requirements and manifesting an intention to appeal may be treated as a notice of appeal); Stallworth v. Shuler, 758 F.2d 1409 (11th Cir. 1985). We transmit the motion to the clerk of the district court with instructions to docket it as a notice of appeal and to certify the record to this court.
 
 
 5
 Pursuant to First Circuit Rule 27.1, the March 15, 1993 order is summarily affirmed. Appellees' request for damages and costs under Fed. R. App. 38 is denied.
 
 
 6
 Affirmed.
 
 
 
 [1]
 We note, however, that the district court docket does not record notice having been sent to counsel of the April 13, 1992 order denying defendant's motion to amend judgment. See Fed. R. Civ. P. 77(d) (directing clerk to serve notice of entry by mail and to "make a note in the docket of the mailing"). This circumstance lends support to counsel's uncontradicted statement that he did not receive timely notice of the April 13, 1992 order. In such circumstances, we would benefit from the district court's statement of reasons for denying the motion to reopen the time for appeal. See, e.g., Foster v. Mydas Associates, Inc., 943 F.2d 139, 141-42 (1st Cir. 1991) (need for findings or reasons in order to afford informed appellate review)