57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ray A. SCOTT, Plaintiff-Appellant,
v.
FIRST FAMILY FINANCIAL SERVICES, Defendant-Appellee.
 No. 94-1639.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1995.
Decided: June 19, 1995.
 
 Fred Henderson Moore, Herman L. Moore, Moore & Moore, Charleston, SC, for Appellant.
 Charles W. Patrick, Jr., Susan Nial, Frederick C. Baker, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, for Appellee.
 Before WILKINS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ray A. Scott appeals the grant of summary judgment for First Family Financial Services (First Family) on a 42 U.S.C. Sec. 1983 (1988) claim Scott filed in district court, as well as the dismissal of several pendent state claims. We affirm.
 
 
 2
 * In 1990, Scott quit his job as manager of the Andrews, South Carolina, branch of First Family. In reviewing a number of loans Scott made just before his departure, the company noted some irregularities and contacted the police. After interviewing a number of loan recipients, police sought and received an arrest warrant against Scott for breach of trust with fraudulent intent. Scott's subsequent arrest was reported in the local media. The prosecutor subsequently nolle prossed the charge. Scott asserts that this charge was contrived by First Family.
 
 
 3
 Scott filed this action generally alleging a Fourteenth Amendment deprivation as to the Sec. 1983 claim, and asserting the following claims based on South Carolina law: (1) false arrest; (2) false imprisonment; (3) defamation; (4) intentional infliction of emotional distress; (5) libel; and (6) retaliatory discharge. Both sides moved for summary judgment. The district court adopted the report of the magistrate judge and granted First Family's motion for summary judgment on the Sec. 1983 claim. The court declined jurisdiction over the state law claims.
 
 
 4
 On appeal, Scott alleges: (1) the district court failed to rule on Scott's cross-motion for summary judgment; (2) Scott was denied a timely appeal of the judgment; (3) issues of fact preclude entry of summary judgment; and (4) the district court erred in declining jurisdiction over the state law claims.
 
 II
 
 5
 The district court's grant of summary judgment to First Family on the Sec. 1983 claim necessarily resolved Scott's cross-motion. Therefore, that issue lacks merit.
 
 
 6
 Next, as to Scott's claim that he was prevented from filing a timely appeal, this Court denied First Family's motion to dismiss the appeal due to the district court's failure to make a separate entry of judgment for its June 9, 1992 order, in which it reviewed Scott's objections to the report of the magistrate judge and adopted the recommendations of the report. Fiore v. Washington County Community Mental Health Center, 960 F.2d 229, 233-34 (1st Cir.1992). Scott's claims have received full appellate consideration. Therefore, this claim is moot.
 
 
 7
 We review the district court's entry of summary judgment de novo. Roe v. Doe, 28 F.3d 404, 406 (4th Cir.1994). Summary judgment is appropriate if there is no genuine issue of material fact that could lead the trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In evaluating the evidence, all reasonable inferences must be drawn in favor of the appellant. Roe, 28 F.3d at 407. Applying these standards, we conclude that the district court's entry of summary judgment was correct.
 
 
 8
 No genuine issue of fact exists in this case as to whether First Family or its agents acted under color of state law. An individual does not act under color of state law by merely supplying information to authorities, even if that information is false. Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir.1990). There is no suggestion of a conspiracy among First Family and police or the magistrate who issued the arrest warrant. See Tower v. Glover, 467 U.S. 914, 920 (1984). Therefore, the district court acted properly in entering summary judgment on this claim.
 
 
 9
 Once the federal claim was dismissed, the district court had discretion to decide the pendent state claims or dismiss without deciding them. United Mine Workers v. Gibbs, 383 U.S. 715 (1966). The district court did not abuse its discretion in declining to rule on the state claims.
 
 
 10
 We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.