Susana **PUIG SEGARRA**, Plaintiff,

v.

**UNIVERSIDAD POLITÉCNICA DE PUERTO RICO**, Defendant.

Civ. No. 93–2034 (SEC) (JA).

United States District Court,
D. Puerto Rico.

June 26, 1995.

Roberto L. Córdova, Hato Rey, PR, for plaintiff.

Raymond P. Burgos Santiago, San Juan, PR, for defendant.

*OPINION AND ORDER*

ARENAS, United States Magistrate Judge.

On April 18, 1995, judgment was entered dismissing this case in its entirety in accordance to my opinion and order of April 12, 1995. On April 24, 1994, plaintiff Puig Segarra filed what I construed to be a Rule 59(e) motion. (*See* Docket No. 63.) I entered a separate nine-page opinion and order denying plaintiff's Rule 59(e) motion on May 12, 1995. (*See* Docket No. 69.)

Before me is plaintiff Puig Segarra's Motion Requesting Entry of Judgment filed on June 15, 1995, whereby plaintiff requests this court to order its clerk to issue a separate judgment in relation to the opinion and order of May 12, 1995. Plaintiff argues that in order for her to appeal the denial of the Rule 59(e) motion, a formal entry of the order announcing said denial must be made. Plaintiff insinuates that a formal order is the equivalent of a "judgment form." In other words, plaintiff contends that the court has not entered a final judgment on her Rule 59(e) motion because no "separate document" has been filed, suggesting that the time for filing a notice of appeal of the decision has not yet begun to run. Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) tolled the time for filing an appeal. Thereafter, the time for filing the notice of appeal started to run from the entry of the order denying said motion. *See Acevedo–Villalobos v. Hernández*, 22 F.3d 384, 387 (1st Cir.1994).

In a recent *en banc* opinion, the First Circuit Court of Appeals concluded that Fed. R.Civ.P. 58 applies to all appealable orders, including post-judgment motions. *See Fiore v. Washington County Community Mental Health Ctr.*, 960 F.2d 229, 233–34 (1st Cir. 1992) (en banc). After carefully considering both Rule 54(a) and Rule 58, the First Circuit concluded that the language of said rules clearly applies to post-judgment motions, and thus the orders of denial of said motions should "be set forth on a separate document to be effective and to trigger the time for appeal." *Id.* at 232.

In *Fiore* the court noted that a marginal notation affixed to a photocopy of a post-judgment motion did not satisfy the "separate document" requirement. *Id.* at 235. However, in the instant case, the denial of the 59(e) post-judgment motion was entered in a nine-page opinion and order. Because the May 12, 1995 order clearly complied with the "separate document" requirement set forth in *Fiore*, plaintiff's motion requesting the entry of judgment is DENIED.