981 F.2d 1245
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Andrew TEMPELMAN, Plaintiff, Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant, Appellee.
 No. 92-1111.
 United States Court of Appeals,
First Circuit.
 December 16, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 Andrew Tempelman on brief pro se.
 Jeffrey R. Howard, United States Attorney, and Gretchen Leah Witt, Assistant United States Attorney, on brief for appellee.
 D.N.H.
 Affirmed.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 In September 1988, Andrew Tempelman was a candidate for the Republican nomination for United States Representative for the Second District seat in New Hampshire. On September 6, 8 and 9 of that year, he delivered a total of 125,817 pieces of campaign literature to the Peterborough Post Office for third-class mailing to New Hampshire voters. Contrary to his expectation, most of these flyers were not delivered prior to September 13, the date of the primary election. Plaintiff filed a pro se suit against the United States Postal Service, seeking reimbursement of his mailing costs and other damages for alleged breach of contract. The district court, adopting the report and recommendation (R & R) of a magistrate-judge, dismissed the case for failure to state a claim,[1] and plaintiff now appeals. We affirm.
 
 
 2
 The R & R, which issued on September 10, 1991, advised plaintiff that any objections thereto had to be filed by September 30. Plaintiff filed no such objections, and the district court dismissed the action on October 30, 1991. A docket entry reading "case closed" was entered that same date, but no separate judgment was issued. On November 7, plaintiff filed a motion for an extension of time within which to file his objections. Because the motion failed to recite the date to which extension was sought, as required by local rules, a "notice of refusal" was issued informing plaintiff that the motion would be treated as if never filed. On December 20, 1991, plaintiff filed a motion to "reopen" the case, which the district court summarily denied on December 24. Again, no separate judgment was issued. Plaintiff filed the instant appeal on January 17, 1992.
 
 
 3
 We must first determine what is properly before us for review. Defendant suggests that we have jurisdiction to review only the December 24 denial of the motion to reopen. It contends that, because the notice of appeal was filed more than 60 days after the October 30 order of dismissal, that order is not reviewable on appeal.[2] Yet this argument overlooks the fact that the October 30 order was never followed by the entry of judgment on a separate document. See Fed. R. Civ. P. 58.
 
 
 4
 The separate document rule is to be applied "without exception to all appealable judgments," Fiore v. Washington County Community Mental Health Center, 960 F.2d 229, 233 (1st Cir. 1992) (en banc), and "should always be interpreted 'to prevent loss of the right to appeal, not to facilitate loss.' " Willhauck v. Halpin, 919 F.2d 788, 792 (1st Cir. 1990) (quoting Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978)). Given the lack of a separate judgment here, the time for filing a notice of appeal (or a postjudgment motion) "never commenced running" following the October 30 order of dismissal. Domegan v. Ponte, 972 F.2d 401, 405 (1st Cir. 1992); accord Smith v. Massachusetts Department of Correction, 936 F.2d 1390, 1394 (1st Cir. 1991). That order is therefore properly subject to review.[3]
 
 
 5
 This conclusion, however, avails plaintiff little, given his failure to object to the magistrate-judge's R & R. "Failure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 31 (1st Cir. 1992); accord, e.g., Keating v. Secretary of HHS, 848 F.2d 271, 275 (1st Cir. 1988) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980) ("a party 'may' file objections within [the specified time] or he may not, as he chooses, but he 'shall' do so if he wishes further consideration"); see also Thomas v. Arn, 474 U.S. 140, 142 (1985) (upholding power of court of appeals to "establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment").
 
 
 6
 The Supreme Court in Thomas noted that, "because the rule is a nonjurisdictional waiver provision," a default may be excused "in the interests of justice." 474 U.S. at 155; accord, e.g., Valencia v. United States, 923 F.2d 917, 922 n.5 (1st Cir. 1991). Yet plaintiff has proffered no reasons here that would justify any such leniency. A party is typically given ten days from the date of service within which to file objections, see 28 U.S.C. § 636(b)(1); the R & R here afforded plaintiff an additional week to do so, specifying September 30 as the deadline. Plaintiff acknowledges having received the R & R on September 15-over two weeks before that deadline. As required by United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam), the R & R specifically warned that "[f]ailure to file an objection waives the right to appeal the presiding judge's decision to the court of appeals." And the two explanations offered by plaintiff for his failure to file a timely objection fall well short. First, he states that he was unable to do so because of his involvement in an arduous proceeding in Tax Court during the month of September. Yet we fail to see how this prevented him from at least filing, prior to the September 30 deadline, a motion seeking permission to file objections late. See Lyons v. Powell, 838 F.2d 28, 29 n.1 (1st Cir. 1988) (per curiam). Plaintiff instead waited until 38 days after the deadline to file a response (which took the form of a defective motion for extension). Such conduct hardly justifies invoking an "interests of justice" exception. Second, plaintiff argues that, because the magistrate-judge took five months after the case was filed to issue his R & R, plaintiff should have had an equivalent amount of time to file his objections. This contention is commendably creative-but otherwise requires no response.
 
 
 7
 In Park Motor, we stated: "The remedy, if any, of a dissatisfied party who failed to object should be by way of a motion for reconsideration disclosing the grounds." 616 F.2d at 605. Construed as such, plaintiff's motion to reopen avails him little; he there addresses the merits of his claim only in cursory fashion. Having reviewed that motion along with the other pleadings in the record, we find nothing that calls into serious question the conclusion below that plaintiff is claiming the infringement of a legal interest that does not exist. The magistrate-judge examined various potential bases for relief-including breach of contract, estoppel, the Federal Tort Claims Act, and statutory/regulatory violations-and found each to be wanting. Plaintiff on appeal disclaims reliance on most of these theories and rests primarily on a claim of breach of implied contract. Yet the agency regulations that he cites impose no enforceable contractual obligations with respect to the time of delivery of third-class mail.[4] See, e.g., Rider v. USPS, 862 F.2d 239 (9th Cir. 1988) (affirming dismissal, for failure to state a claim, of breach of contract action brought by political candidate whose third-class mailings were not timely delivered), cert. denied, 490 U.S. 1090 (1989). We therefore think the district court was justified in denying the motion to reopen.[5]
 
 
 8
 Affirmed.
 
 
 
 [1]
 While the magistrate-judge described the complaint as "frivolous" and cited to Neitzke v. Williams, 490 U.S. 319 (1989), it is apparent that his recommendation was not based on 28 U.S.C. § 1915 inasmuch as plaintiff was not proceeding in forma pauperis. Rather, the recommendation was one for sua sponte dismissal under Fed. R. Civ. P. 12(b)(6). See, e.g., Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam); Pavilonis v. King, 626 F.2d 1075, 1078 n.6 (1st Cir.) (sua sponte dismissal under Rule 12(b)(6) appropriate, despite lack of notice to plaintiff, where magistrate's report had highlighted deficiencies in complaint), cert. denied, 449 U.S. 829 (1980)
 
 
 [2]
 Defendant adds that the motion to reopen did not operate to toll the time for filing an appeal. That motion, defendant argues, cannot be viewed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), since it was not served within ten days of the October 30 order of dismissal; instead, it must be viewed as one for relief from judgment under Rule 60(b). Unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appeal or affect the finality of the underlying judgment. See, e.g., Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); Fed. R. App. P. 4(a)(4)
 
 
 [3]
 The fact that no separate judgment was entered following the December 24 denial of the motion to reopen does not preclude the instant appeal. Neither party objected to the absence of a separate document below, and neither has been prejudiced thereby on appeal. Under these circumstances, "we deem the parties to have waived the requirements of Rule 58." Smith, 936 F.2d at 1394; accord, e.g., Domegan, 972 F.2d at 405-06 ("[A] notice of appeal deemed premature due to noncompliance with the 'separate document' rule does not deprive the appellate court of subject matter jurisdiction ... and the appeal may proceed in the normal course where the court of appeals determines that the 'separate document' requirement was waived by the parties."); Fiore, 960 F.2d at 236 (discussing circumstances in which waiver will be inferred)
 
 
 [4]
 For example, plaintiff relies on § 454.31 of the Postal Operations Manual, which provides:
 Experience has demonstrated clearly that if all mailers of political material are fully informed of postal requirements-and assured of equal and proper handling of their mailings to bring about prompt delivery of campaign material in time for the elections-there will be no cause for criticism.
 Plaintiff's attempt to extract an enforceable obligation from this language falls well short.
 
 
 [5]
 Defendant maintains that, even if a contract action were available here, jurisdiction would lie with the Claims Court rather than the district court since plaintiff is claiming damages in excess of $10,000. This assertion appears less clearcut than defendant suggests, see 39 U.S.C. § 409(a); compare, e.g., Westwood Promotions, Inc. v. USPS, 718 F. Supp. 690, 695 (N.D. Ill. 1989), with, e.g., Continental Cablevision of St. Paul, Inc. v. USPS, 945 F.2d 1434, 1440 (8th Cir. 1991); Jackson v. USPS, 799 F.2d 1018, 1022 (5th Cir. 1986), and we have no occasion to address it here