**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUL 12 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FREDERICK SHAWN WILLIAMS,

    Defendant-Appellant.

No. 98-4112
(District of Utah)
(D.C. No. 96-CR-0114-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

During the early morning hours of June 11, 1996, Deputy Sheriff Phil Barney stopped a vehicle traveling five miles in excess of the posted speed limit. During this traffic stop, Barney discovered that the driver, Frederick Shawn Williams, was driving on a suspended driver's license in violation of Utah Code Ann. § 53-3-227(1). Barney arrested Williams and conducted a search incident to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the arrest. During this search, Barney discovered several bottles of PCP in Williams' car. Williams entered a guilty plea conditioned upon his right to appeal issues related to the district court's denial of his motion to suppress evidence. This appeal followed. Exercising jurisdiction under 28 U.S.C. § 1291, this court **AFFIRMS.**

The government argues that by failing to file specific objections to the magistrate judges's Report and Recommendation ("R&R"), Williams waived his right to appeal the substantive issues addressed in the R&R, issued on August 28, 1997 and adopted by the district court on October 2, 1997. The magistrate judge had recommended that Williams' motion to suppress be denied. In his R&R, the magistrate judge notified the parties of their right to object to the R&R and that any objections must be filed within 10 days. The magistrate judge added that "[f]ailure to file objections may constitute a waiver of those objections on subsequent appellate review." On the last day to file objections, counsel for Williams filed a general objection to the R&R and moved for dismissal of the case. It appears that the district judge charitably characterized this motion as also containing a request for an extension of time in which to file specific objections. Counsel, however, stated only that: "Defendant also objects to the substantive analysis of the [R&R]. Defendant's counsel will submit a supporting legal Memorandum both to the Motion to Dismiss and the Objection to [the R&R] as

further support of Defendant's position within fifteen (15) days." Counsel for Williams listed no reasons for this "request" for an extension. On September 19, nine days after the objections were due, counsel for Williams filed a formal motion requesting an extension of time, explaining that he needed an additional two or three weeks[1] to file a detailed memorandum in support of the general objection to the R&R because he was very busy with other cases. On October 2, 1997, the district judge denied Williams' motions for dismissal and extension of time and adopted the R&R.

This circuit has adopted the "firm waiver rule" which "provides that the failure to make a timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Objections to the magistrate's report cannot be general. Rather, the objections to the R&R must be specific enough to focus the district court's attention on the factual and legal issues in dispute. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). This firm waiver rule may not apply, however, if the "interests of justice so dictate." *See Moore*, 950 F.2d at 659. The interests of justice exception is very narrow. *See, e.g.*, *id*. (holding that waiver rule does not apply

---

[1] Counsel twice requested a "two (3) week extension." This court is unable to ascertain which number constitutes a typographical error and we decline to guess.

when magistrate's order fails to inform pro se litigant of consequences of failure to file objections to R&R); *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (unrefuted allegation of delayed receipt of an R&R should be considered in weighing interests of justice).

Williams responds that this is a case in which the interests of justice exception to the firm waiver applies.[2]  He argues that the magistrate's R&R only stated that the failure to file objections to the R&R "may" constitute a waiver of the issues on appeal; it did not state that such failure "shall" constitute a waiver. Williams cites no authority for the proposition that the use of "may" rather than "shall" affects the stringent application of the waiver rule absent reasons invoking the interests-of-justice exception.  Moreover, the R&R stated that the parties "must" file objections within 10 days. That the consequences were couched in terms of "may" does not excuse Williams' failure to comply with the "must." Finally, we note that this court had no problem with a similar instruction containing the word "may" as it applied to the waiver of factual findings.  *See Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996) ("Failure to file written

---

[2] Williams does not challenge the district court's unexplained denial of his motion for extension of time, if the September 10, 1997, motion can be taken as such.  Although we recommend that denials of such motions be accompanied by explanations, we will not reach out to create and then decide issues when an appealing party has not appealed from an adverse ruling.  *See Snell v. Tunnell*, 920 F.2d 673, 676 (10th Cir. 1990).

objections . . . *may* bar the aggrieved party from appealing the factual findings of the Magistrate Judge . . . ." (emphasis added)).

Williams also argues that the interests-of-justice exception applies in this case because counsel's failure to timely file objections to the R&R were not due to "inexcusable neglect or lack of diligence." Rather, he argues that because counsel was busy with other cases, he diligently filed a request for an extension. First, we note that counsel stated in the September 10, 1997 motion that he would file specific objections within 15 days; no request for an extension of time was ever made. Even if the district judge interpreted this statement as a request for an extension of time, we note that Williams' counsel failed to include any explanation supporting this request for an extension. *See* Utah Dist. Ct. R. 7-1 (requiring motion to include a summary of the factual and legal bases for the motion). Finally, although counsel may well have had justifiable reasons for failing to timely file objections, these are not sufficient to invoke the interests of justice exception, especially because counsel failed to timely file an adequate motion seeking permission to file objections late. *See also Tempelman v. United States Postal Serv.*, No. 92-1111, 1992 WL 369915, * 2 (1st Cir. Dec. 16, 1992) (unpublished disposition) (rejecting counsel's argument that his participation in an another "arduous proceeding" satisfied the interests-of-justice exception, especially because he could have filed a motion requesting extension). Were this

court to hold otherwise, the firm waiver rule would become rather infirm as almost all busy attorneys could excuse their delay.

Accordingly, we hold that Williams waived appellate review by failing to file specific objections to the magistrate judge's R&R. The judgment of the United States District Court of Utah is **AFFIRMED.**

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge