Sidney H. **WRIGHT, III,**
Plaintiff–Appellee,

v.

**PREFERRED RESEARCH, INC.,** a Georgia Corporation, Defendant–Appellant.

No. 89–7930.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1991.

---

George L. Beck, Jr., Dennis R. Pierson, Montgomery, Ala., for defendant-appellant.

Sidney H. Wright, III, pro se.

James A. Ward, III, Dothan, Ala., for plaintiff-appellee.

Before JOHNSON and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

COX, Circuit Judge:

We consider Wright's motion to dismiss this appeal for lack of jurisdiction. Finding the motion meritorious, we dismiss the appeal.

## I. BACKGROUND

The only background relevant to this case is its procedural history, which we will relate in some detail. In the district court plaintiff-appellee Sidney H. Wright, III (Wright), pursuant to a jury verdict, was awarded $7,000 in compensatory damages and $1,500,000 in punitive damages. The judgment, set forth on a separate document in accordance with Fed.R.Civ.P. 58, was entered on July 14, 1988, the day after the jury rendered its verdict. One week later, defendant-appellant Preferred Research, Inc. (Preferred) filed motions for judgment notwithstanding the verdict (JNOV), for new trial, and for a stay of the proceedings. The district court granted Preferred's motion to stay the proceedings pending the disposition of Preferred's other motions.

On December 13, 1988, the district court denied the motion for JNOV and also denied the motion for new trial on condition that Wright consent to a remittitur of $1,350,000 not later than December 28, 1988. If Wright refused to consent, the court stated that it would order a new trial on the issue of damages. Wright filed both a consent to the remittitur and a motion to reconsider the remittitur order on December 28.

On January 4, 1989, Preferred filed its first of three notices of appeal. Two days later, the district court denied Wright's motion to reconsider the order of remittitur, but allowed Wright additional time in which to brief his request for equitable relief contained in the motion to reconsider the remittitur order. On January 31, 1989, the district court denied Wright's motion

for reconsideration "in all remaining respects."

In April 1989, Wright filed a motion to dismiss Preferred's January 4, 1989 appeal as premature. In July 1989, upon consideration of that motion, a panel of this court entered an order dismissing Preferred's appeal. The panel reasoned that because Preferred filed its notice of appeal prior to the disposition of Wright's motion for reconsideration, the notice was premature. *See Wright v. Preferred Research, Inc.,* No. 89–7014 (11th Cir., July 27, 1989). Preferred filed a timely petition for rehearing.

While the petition for rehearing was pending, counsel for Wright discovered that the only judgment entered in this case that was set forth on a separate document was the original judgment for $1,507,000. Wright's counsel made counsel for Preferred aware of this fact. Thereafter, both counsel requested that a new judgment on a separate document be entered. The district court complied with this request, stating in an order, "The parties having orally requested that the court enter a new judgment reflecting the remittitur in this case, it is ORDERED that the attached judgment is therefore entered." R.2–115–1. The attached judgment, set forth on a separate document, related Preferred's liability to Wright in accordance with the order of remittitur.

Twelve days later, Wright filed a motion to quash the December 1, 1989 judgment. On December 21, Preferred filed its second notice of appeal. On January 11, 1990, this court denied Preferred's petition for rehearing in a published opinion, *Wright v. Preferred Research, Inc.,* 891 F.2d 886 (11th Cir.1990). The panel reaffirmed its earlier decision that Preferred's first notice of appeal was filed prematurely and was without effect.[1]

On January 17, 1990, the district court denied Wright's motion to quash the December 1, 1989 judgment. The district

---

1. Apparently, the panel chose to write an opinion denying rehearing primarily to expand upon the reasoning contained in its earlier unpublished opinion. The court determined that Wright's motion for reconsideration was a Rule 59(e) motion, thus tolling the time for appeal pursuant to Fed.R.App.P. 4(a)(4). *See Wright v. Preferred Research, Inc.,* 891 F.2d 886, 889–90 (11th Cir.1990).

judge was somewhat incredulous in noting that "[a]t the hearing held on ... [the] motion to quash, ... Wright and ... Preferred ... acknowledged that they both asked the court to enter its judgment of December 1, 1989.... Since this was a joint request, the court does not understand how either Wright or Preferred ... has anything to complain about." R.2–126–1. Finally, on February 1, 1990, Preferred filed its third notice of appeal in this case.

## II.  CONTENTIONS

Preferred contends that because a separate document setting out the remitted judgment was not entered in compliance with Rule 58 until December 1, 1989, the time for appeal did not begin to run again until that date. Therefore, Preferred argues its December 21, 1989 notice of appeal was timely. Alternatively, Preferred asserts that if Wright's December 12, 1989 motion to quash tolled the time for appeal, then Preferred's February 1, 1990 notice of appeal was timely. Under either scenario, this court has jurisdiction over Preferred's appeal.

Wright argues that the judgment in this case became final on January 31, 1989, when the district court denied Wright's motion to reconsider the order of remittitur. Therefore, Wright contends, Preferred had 30 days from January 31, 1989 to file its notice of appeal; because Preferred failed to do so, its later notices of appeal are untimely and this court is without jurisdiction.

## III.  ISSUE ON APPEAL

The jurisdictional question in this case can be simply stated. When a district court amends a judgment, for example by remitting the amount of the judgment, does Fed.R.Civ.P. 58 require that a separate document setting out the terms of the remitted judgment be entered before the time for appeal begins to run? If the answer is yes, we have jurisdiction over this appeal; if the answer is no, we are without jurisdiction.

## IV.  DISCUSSION

The question presented is one of first impression in this circuit. We will first examine the language of Rule 58, then turn to case law interpreting the rule.

### A.  The Law

Rule 58 provides in relevant part:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. *Every judgment shall be set forth on a separate document.* A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

Fed.R.Civ.P. 58 (emphasis added).[2]

The absence of any mention of remitted or amended judgments is one indication that the rule does not apply to amended judgments. Similarly, the notes accompanying the rule fail to mention remitted or amended judgments. Therefore, the language of the rule and the accompanying notes tell us the rule *may* not apply to amended judgments, but we cannot draw any concrete conclusions from the lan-

---

**2.** The original judgment in this case, for $1,507,000, was entered as provided in Fed.R.Civ.P. 79(a). There is no issue in this case relative to Rule 79(a) and we consequently will not discuss that rule. We of course acknowledge, however, that simply setting forth a judgment on a separate document is not enough to start the time

guage and notes.[3] We turn to Supreme Court cases interpreting the rule.

Two Supreme Court cases delineate the basics of Rule 58. In *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), the Court discussed the purpose of the 1963 amendment to the rule, which added the "separate document" requirement.

> The reason for the "separate document" provision is clear from the notes of the advisory committee of the 1963 amendment. Prior to 1963, there was considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty. To eliminate these uncertainties, which spawned protracted litigation over a technical procedural matter, Rule 58 was amended to require that a judgment was to be effective only when set forth on a separate document.

*Id.* at 220, 93 S.Ct. at 1564 (citations omitted). The *Indrelunas* Court established that the rule must be mechanically applied in order to notify the parties regarding when the time for post-trial motions and appeal begins to run.

The Court revisited Rule 58 in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). In *Mallis*, the Court held that where (1) the district court intends a document to be a final judgment and; (2) the judgment is entered in accordance with Fed.R.Civ.P. 79(a) and; (3) one party appeals despite the absence of a separate document, and; (4) the appellee does not object to the lack of a separate document, an appellate court may deem Rule 58's separate document requirement waived and take jurisdiction over the appeal. *Id.* at 386–88, 98 S.Ct. at 1121. The Court noted that "[t]he sole purpose of the separate document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal ... begins to

run." *Id.* at 384, 98 S.Ct. at 1120. The Court also remarked that the " 'rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced.... The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.' " *Id.* at 386, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Practice ¶ 110.08[2] ). Unfortunately, the Court has never, either in *Indrelunas* and *Mallis*, or in any other case, discussed the precise question we confront today.

Our circuit has never addressed this issue either, and the law on the issue in other circuits is sparse. The Seventh Circuit has apparently concluded that Rule 58 *does* require the entry of a separate document where a judgment has been amended. In *Wikoff v. Vanderveld*, 897 F.2d 232 (7th Cir.1990), the district court entered a judgment. In granting a Rule 59(e) motion, the district court changed the amount of the judgment, but did so only through a minute order—the court did not create a second separate document. The Seventh Circuit said:

> the district court granted Wikoff's motion and amended the original judgment in a minute order.... This was insufficient to comply with the "separate judgment" requirement of Rule 58. A minute order suffices when the judge denies a request to alter the judgment, for then the original judgment remains intact. However, when the court grants a Rule 59(e) motion, thus rendering a "new judgment," Rule 58 requires that a new judgment be set forth on a separate document.

*Id.* at 236 (quotations omitted). The Seventh Circuit's discussion of the issue, limited to the quoted passage, is cursory.

Two other circuits have addressed the issue, although in light of facts distinguishable from the facts in this case. In *RR Village Ass'n, Inc. v. Denver Sewer Corp.*,

---

for appeal—the judgment must also be entered in accordance with Rule 79(a).

**3.** One could argue that a remitted or amended judgment is simply a "new" judgment, unconnected to the original judgment, and therefore

Rule 58 applies to amended judgments. Because there is no mention of such an interpretation in the rule itself or the notes following the rule, we decline to accept this interpretation.

826 F.2d 1197, 1200–01 (1987), the Second Circuit concluded that Rule 58's separate document requirement is applicable when the district court reverses its decision regarding which party should prevail. That is, where the district court first rules for one party and enters judgment, then decides the other party should prevail, another judgment on a separate document must be entered in order for the time for appeal to begin to run. The Ninth Circuit has held that Rule 58's separate document requirement does not apply to orders *denying* motions pursuant to Rule 59. *Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1230–31 (9th Cir.1989).

Finally, we note that this court's earlier opinion in this case (the opinion issued upon request for rehearing), does not decide the question. The court was not presented with the issue we decide today and its decision in that case does not dictate the result in this case.

### B. The Analysis

Rule 58 is bottomed upon practical considerations. As the Court in *Mallis* noted, the sole purpose of the rule is to clarify when the time for appeal begins to run. *Mallis*, 435 U.S. at 384, 98 S.Ct. at 1120. Given the rule's focus on practicality and its goal of certainty with regard to the time for appeal, it is appropriate in interpreting the rule to take a practical, common sense approach.

There are three possible interpretations of the rule that we could adopt in this case. First, we might embrace an interpretation that requires the district court to enter a new separate document whenever *any* change, however minor, is made to the original judgment. Second, we could opt for an interpretation that would require another separate document only when the court makes a significant change to the judgment. Third, we could interpret Rule 58 to require no additional separate document when an otherwise final judgment is amended.

We will address each choice seriatim. We reject the first option, which interprets Rule 58 to require a new separate document whenever any change, however minor, is made to the original judgment. Adoption of such an interpretation of the rule potentially would revive litigation long considered dead by the litigants. There would no doubt be cases where the litigants, after having relied on what they believed was a final judgment, discover years later that the case is still subject to appeal because the district court failed to enter a new separate document after it had made some minor change to the original judgment in the case. Such a result is obviously undesirable. Further, we suppose one could argue that requiring a second separate document for all changes, however inconsequential, enhances certainty because it provides a clear signal to the litigants that the time for appeal has begun to run anew. That is, that such a requirement will notify even the most dilatory litigant that it is time to file his notice of appeal. The logical extension of that reasoning, however, is that Rule 58 requires a new separate document even when the district court *denies* a post-judgment motion, since such a requirement would provide a signal that the time for appeal has begun to run again. This interpretation goes far beyond the scope and purpose of Rule 58 and we decline to adopt it.

We also reject the second option. Requiring the district court to enter a second separate document each time any significant change to the judgment is made would not further Rule 58's goal of certainty. If anything, such a rule would *decrease* certainty. Litigants would be left to speculate regarding which changes are "significant"; that is, which ones require a new separate document and which ones do not. We can envision a potential appellant waiting for a second separate document as his time for appeal runs out because he believes the district court is required to enter a new separate document, only to have an appellate court later tell him that the change made to the judgment is "insignificant," and thus did not require a second separate document under Rule 58.

Having rejected the first two options, we believe the third choice, requiring no second separate document when a district

court amends a judgment, is the best choice. First, this interpretation does not detract from the certainty that Rule 58 provides. For example, in this case, the time for appeal began to run on July 14, 1988, when the clerk entered the judgment. Pursuant to Fed.R.App.P. 4(a)(4)[4], the time for appeal was tolled while Preferred's various motions were pending. Once the district court fully disposed of those motions, the time for appeal began to run again. Thus, the combined effect of Fed.R.App.P. 4 and Fed.R.Civ.P. 58 provide certainty regarding when notices of appeals must be filed.

When Rule 59 motions are denied, we require the litigants to use Fed.R.App.P. 4 and Fed.R.Civ.P. 58 to determine the time frame for any notice of appeal they wish to file. We are asking the parties to do no more by declining to require a second separate document when a district court *grants* a motion to alter the judgment. Indeed, that is all Preferred was required to do in this case. In other words, we believe that if the litigants must follow the simple dictates of Fed.R.App.P. 4 whenever a motion to amend or alter the judgment is *denied,* then requiring the same thing whenever such a motion is granted in whole or in part does not create "a trap for the inexperienced."

Second, we hesitate in all cases to interpret a rule to create a result not obviously called for by the language of the rule, especially where there is absolutely no indication of Congress' intent to reach such a result. Therefore, we think the proper rule is that Rule 58 does not require a district court to enter another separate document whenever it amends, remits or in any way alters a judgment that has already been entered once in accordance with Rule 58.

Preferred failed to file a notice of appeal within 30 days of the date on which the district court finally disposed of Wright's motion for reconsideration as it was required to do by Fed.R.App.P. 4. Preferred's later notices of appeal were therefore untimely. We grant appellee Wright's motion to dismiss appellant Preferred's appeal for lack of jurisdiction.

MOTION GRANTED. APPEAL DISMISSED.

---

**4.** Fed.R.App.P. 4(a)(4) provides:

   If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.