Kathy BROWN (WILLADSEN) (S.S.
# 561–80–4180), Plaintiff,

v.

Donna SHALALA, Secretary of Health
and Human Services, Defendant.

No. CV–F–88–285 OWW.

United States District Court,
E.D. California,
Fresno Division.

July 13, 1994.

Bobby J. Neal, Turlock, CA, for plaintiff.

Daniel Bensing, Fresno, CA, for defendant.

## MEMORANDUM OPINION AND ORDER RE PLAINTIFF'S PETITION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

WANGER, District Judge.

## I.

### INTRODUCTION

This matter comes before the Court on petitioner's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). The Magistrate Judge issued a Report and Recommendation April 6, 1994, that attorneys' fees be denied as untimely. No objection has been filed. The Magistrate's report and recommendation has been reviewed pursuant to 28 U.S.C. § 631(b)(1).

## II.

### BACKGROUND

On September 22, 1986, plaintiff applied for supplemental security income (SSI) benefits, alleging inability to work due to back injuries. The Secretary denied her application, and in June, 1988, plaintiff sought judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). On December 23, 1988, the parties stipulated to remand the case to the Secretary for further administrative proceedings.

On remand, plaintiff's claim was again denied. Plaintiff sought relief here. In adopting the Magistrate's Report and Recommendation of November 10, 1992, the matter was once more remanded pursuant to sentence

four of § 405(g).[1] A separate judgment was filed January 25, 1993.

On July 13, 1993, the case was re-referred to the Magistrate Judge for a further report in light of *Shalala v. Schaefer,* — U.S. —, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Magistrate Judge issued a Supplemental Report and Recommendation on July 21, 1993, proposing to delete language in the January 21, 1993 order which retained jurisdiction over the case. The Supplemental Report and Recommendation also notified plaintiff, "I[f] the plaintiff seeks attorneys' fees pursuant to the Equal Access to Justice Act at a future date, she may wish to seek relief from the prior judgment pursuant to Fed.R.Civ. Pro. 60(b)." No objections were filed. This Court adopted that Recommendation in a separate signed Order filed August 9, 1993, and served on the parties. The August 9, 1993, order was entered in the court's docket.

Over six months later, on February 17, 1994, Plaintiff filed the instant motion seeking attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff did not file a motion for relief under Fed.R.Civ.Pro. 60(b).

### III.

### CONTENTION

Plaintiff argues that her petition for attorney's fees should be considered timely, because under Federal Rule of Civil Procedure 58, a separate document modifying the original judgment terminates the reservation of jurisdiction. Plaintiff contends that she relied on the retention of jurisdiction to extend the time for filing a motion seeking attorney's fees until 30 days after the administrative proceedings on remand were complete. When jurisdiction was terminated, she argues, a new and separate judgment should have been entered.

### IV.

### ISSUE AND MAGISTRATE'S RECOMMENDATION

Plaintiff frames the issue in this case as jurisdictional. She claims the August 3, 1993 order terminating reservation of jurisdiction, required the entry of a separate document to modify judgment in accordance with Fed. R.Civ.Proc. 58.

The Magistrate Judge found that the August 9, 1993, order terminating the prior reservation of jurisdiction did not disturb the final order entered on January 25, 1993, and that even if it did, the 90 day period for filing for EAJA fees expired November 8, 1993, a date more than three months before when the plaintiff actually filed. Moreover, the Magistrate Judge opined, however unclear the law may have been before *Shalala v. Schaefer,* once decided, the law regarding finality of judgments in social security remands was clearly established, as recognized by the August 9, 1993, order.

The issue has not been previously decided in this circuit.

### V.

### APPLICABLE LAW

*EAJA Petitions: Timing Requirements*

█ The Equal Access to Justice Act provides, in relevant part:

[A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substan-

1. 42 U.S.C. § 405(g) provides in relevant part: Judicial review. Any individual, after any final decision of the Secretary ... may obtain a review of such decision by a civil action.... Such action shall be brought in the district court of the United States.... [Sentence Four] The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing.... [Sentence Six] The court may, on motion of the Secretary made for good cause ... remand the case to the Secretary for further action by the Secretary [who shall then] modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision....

tially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA fees may be awarded in cases involving judicial review of agency action under the Social Security Act. *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984). Among other requirements, a petition for attorney's fees under EAJA must be filed within 30 days after a district court's judgment becomes final. 28 U.S.C. §§ 2412(d)(1)(B). A "final judgment" is one that is no longer appealable. 28 U.S.C. § 2412(d)(2)(G); *see also, Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). A judgment is no longer appealable sixty days after the court enters it on a separate document. Federal Rule of Appellate Procedure 4(a); Federal Rule of Civil Procedure 58. Thus, a plaintiff has 90 days from the date of a properly entered judgment in which to file for EAJA fees. *See Melkonyan*, 501 U.S. at 101–03, 111 S.Ct. at 2165.

*Final Judgment In Sentence Four Remands.*

In *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court held that, in sentence four remand cases, where the district court retains jurisdiction over a matter pending administrative review, the judgment is not final until the administrative body issues its decision and the district court enters a judgment on the administrative ruling. Since the original remand was not a final judgment, nothing precluded a claimant from collecting EAJA fees for work performed during the period of administrative review after the district court entered final judgment. *Hudson*, 490 U.S. at 891–93, 109 S.Ct. at 2258. *Hudson* reasoned that Congress could not have intended to "to throw the Social Security claimant a lifeline that it knew was a foot short," and because the administrative adjudication was necessary to the completion of the civil action, a claimant's application after the administrative remand was proper.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court held that, when a district court remands a matter to the Secretary, it necessarily does so pursuant either to sentence four or to sentence six of 42 U.S.C. § 405(g). *Id.* at 99–101, 111 S.Ct. at 2164, *affirming Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). A "sentence four" remand must accompany an order either affirming, modifying or reversing an administrative decision and itself constitutes a "judgment" for EAJA, a judgment that becomes final once the period to appeal has run. *Melkonyan*, 501 U.S. at 101–03, 111 S.Ct. at 2165. A "sentence six" remand, on the other hand, does not attach to any substantive ruling but merely remands the matter for further review in light of newly discovered evidence which is to be considered by the administrative law judge and therefore does not constitute a "judgment" from which appeal can be taken. *Id.*, at 97–99, 111 S.Ct. at 2163. The *Melkonyan* Court did not disapprove *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).

In *Shalala v. Schaefer*, the Supreme Court resolved the conflicting approaches taken in *Melkonyan* and *Hudson*. *See Labrie v. Secretary of HHS*, 976 F.2d 779, 784 (1st Cir. 1992) (noting the confusion in lower courts regarding *Melkonyan* and *Hudson* ). *Schaefer* affirmed the *Melkonyan* rule that a § 405(g) sentence four remand is a "final judgment," and that requests for EAJA fees must be made within 30 days after the 60–day appeal period has elapsed. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2629. Any petition for attorney's fees must be made no later than 90 days after a district court § 405(g) sentence four remand. *Schaefer* unequivocally rejected the practice of retained jurisdiction in a sentence four remand. *Id.* *Schaefer* reasoned that if a sentence four remand were not a "final judgment" there would never be any final judgment in cases reversed and remanded for further agency proceedings, quoting sentence eight of § 405(g) which makes a sentence four judgment is the only judgment authorized by § 405(g), which "shall be final...."

Prior to *Schaefer*, the Ninth Circuit (and other circuits) had interpreted *Hudson* as permitting district courts to retain jurisdiction after entering a sentence four remand

order. *See, Gray v. Secretary of HHS,* 983 F.2d 954 (9th Cir.1993), *vacated,* 3 F.3d 1584 (9th Cir.1993); *see also Labrie,* 976 F.2d at 783. *Schaefer* terminated this practice, holding that retention of jurisdiction is inconsistent with the plain language of sentence four. *Schaefer,* —— U.S. at ——, 113 S.Ct. at 2629. *Schaefer* does not explicitly overrule *Hudson;* the Court treated *Hudson* as "a hybrid: a sentence four remand that the District Court had improperly ... treated like a sentence six remand." *Schaefer,* —— U.S. at ——, 113 S.Ct. at 2630 (footnote omitted). Post–*Schaefer,* an immediate entry of judgment is the chief way of distinguishing sentence four from sentence six remands. *Id.,* at ——, 113 S.Ct. at 2629.

*Schaefer* held that since a sentence four remand constitutes a judgment which becomes final upon expiration of the time for appeal, in order to start the time for appeal running, a district court must comply with Federal Rule of Civil Procedure 58. *Id.,* at ——, 113 S.Ct. at 2632. Rule 58 provides in relevant part:

> " ... Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).... "

If Rule 58 is violated, the order does not become final and the period during which a motion for attorney's fees may be filed extends indefinitely. *Schaefer,* at ——, 113 S.Ct. at 2632. That is what occurred in *Schaefer.* The district court there did not enter its sentence four remand on a separate document. Since: 1) the period for filing for EAJA fees ends 30 days after a judgment is no longer appealable; 2) a judgment is no longer appealable 60 days after the entry of a separate document pursuant to Rule 58; and 3) no separate document was filed, the time for appeal never ran. *Schaefer's* EAJA petition was timely, despite its late submittal. *Id.*

Although *Schaefer* clarifies what constitutes a final judgment for purposes of EAJA, it does not expressly require that district courts delete language in pending sentence four remand orders which retained jurisdiction. Nor does it address the central issue in this case: whether Rule 58 applies to post-*Schaefer sua sponte* orders terminating jurisdiction.

*F.R.Civ.Pro. Rule 58 Documented Judgment Requirement.*

■ Two Supreme Court opinions have defined the purpose of Rule 58. *U.S. v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), holds that Rule 58 is intended to provide certainty for the parties involved as to when the time for appeals begins to run. *Id.,* at 219–21, 93 S.Ct. at 1564. The Rule must be "mechanically applied" to final judgments in order for parties to know the appropriate time for filing notice of appeal. *Id.,* at 221–22, 93 S.Ct. at 1565. Five years later, the Court recognized that technical application of Rule 58 could be waived by the parties for purposes of appeal. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386–88, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978) ("Mallis"); *see also, Blazak v. Ricketts,* 971 F.2d 1408 (9th Cir.1992) (approving the *Mallis* approach in the interests of judicial economy).

Whether Rule 58 applies to amended judgments is the subject of conflicting circuit courts decisions. *See* Scott L. Cagan, "Rule 58 of the Federal Rules of Civil Procedure: An Appealing Alternative," 39 Fed.B.News & J. 324, 1992 (analyzing the Circuits' conflicting approaches to Rule 58). For example, in *Charles v. Daley,* 799 F.2d 343 (7th Cir.1986), the Seventh Circuit held that clarifications to judgments stayed the time for appeal, because clarifications were themselves amendments to the prior judgment. Although *Charles* does not discuss Rule 58, the holding implies that whenever a judgment is altered, a separate document must be entered.[2]

The Seventh Circuit later emphasized the importance of the separate document requirement in *Wikoff v. Vanderveld,* 897 F.2d 232 (7th Cir.1990), in which the separate document requirement was waived after clarifications were made pursuant to a Rule 59 motion to alter or amend judgment, *see Mallis,* 435 U.S. at 384–86, 98 S.Ct. at 1120, but

---

**2.** Federal Rule of Civil Procedure 54(a) states in relevant part: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

in which the Seventh Circuit reminded district courts "to record minute and judgment entries with greater care":

> Had the amendment of the original judgment been properly set forth on a separate judgment form, as required under Rule 58, the expenditure of scarce judicial resources both in this court and the district court on the preceding jurisdictional question would have been unnecessary.

*Wikoff,* 897 F.2d at 237.

In *Fiore v. Washington County Com. Mental Health Ctr.,* 960 F.2d 229 (1st Cir. 1992), the First Circuit held that Rule 58's separate document requirement must be satisfied after any post-judgment motion is ruled upon. The Eleventh Circuit, in a case analyzing an order remitting a final judgment, which was not entered on a separate document, takes an opposite view. *Wright v. Preferred Research,* 937 F.2d 1556 (11th Cir. 1991). There, the court concluded it is not necessary for district courts to apply Rule 58 when amending final judgments. *Id.,* 937 F.2d at 1560. Three possible approaches to Rule 58 were analyzed. First, the court considered whether a district court should enter a separate document whenever it makes "*any* change, however minor, to the original judgment." *Id.* (emphasis in original). The court rejected this alternative on two grounds: 1) it would result in the revival of litigation long considered dead, and 2) logical extension would mean that district courts should file a separate document even when denying post-judgment motions, a result it would not accept. Second, the *Wright* court looked at a middle-of-the-road approach whereby the lower courts would apply Rule 58 only to "significant" changes in the original order. *Id.* This too was rejected on the basis that determining what constituted a "significant" change was too subjective and might eventually embroil appeals courts in excessive litigation. *Id.*

Finally, *Wright* looked at the third alternative—where a separate document is not needed for any change—and opined that

> [r]equiring the district court to enter a separate document each time any significant change to the [final] judgment is made would not further Rule 58's goal of certainty.

*Wright,* 937 F.2d at 1560. In arriving at this conclusion, the court observed, "this interpretation does not detract from the certainty that Rule 58 provides." *Id.,* at 1561. It drew an analogy to a case in which a motion for amended judgment is denied. Since a denied motion does not invoke Rule 58 and parties are left to their own devices to determine when the time for appeal begins to run in those cases, parties should be able to determine the same when a motion is granted, instead of denied. *Id.,* at 1561. The *Wright* court also found no textual support in the actual rule or in the Congressional record for the view that the separate document requirement attaches to amendments to final judgments. *Id.*

While the Eleventh and Seventh Circuits have had occasion to consider this issue, the Ninth has not spoken directly on the extent to which an order amending judgment requires compliance with Rule 58. *Hollywood v. Santa Maria,* 886 F.2d 1228 (9th Cir.1989), holds that the separate document requirement does not apply to Rule 59 motions which are *denied,* emphasizing that "with respect to *a final judgment* ... the separate entry rule requires entry of a document distinct from any opinion or memorandum." *Hollywood,* 886 F.2d at 1231 (emphasis in original) (footnote omitted). The Ninth Circuit stated:

> In the context of final judgments, the requirement that the dispositive document be distinct from any opinion serves to eliminate confusion as to which order ends the litigation. *See, Mallis,* 435 U.S. at 384, 98 S.Ct. at 1119. No comparable risk of confusion exists with respect to an order denying a motion for a new trial where the order is properly entered on the docket sheet. In this case, as is generally the case in the Rule 59 context, the order denying the motion for new trial definitively signalled the end of the litigation.

*Hollywood,* 886 F.2d at 1232. With respect to motions to amend judgment, which are granted, or amendments that—as here—issue on the court's own motion, no Ninth Circuit authority has been located.

A further issue is raised by the nature of an amended judgment. Does an amendment to a final judgment constitute a new judgment, itself, thereby requiring a separate document under Rule 58? In *Wright*, the Eleventh Circuit declined to accept this possibility, because "there is no mention of such an interpretation in the rule itself or the notes following the rule." *Wright*, 937 F.2d at 1559 n. 3. Other courts disagree. In *Keith v. Truck Stops Corp. of America*, 909 F.2d 743 (3rd Cir.1990), the Third Circuit determined that when a district court amends a final judgment to include pre-judgment interest, that order may itself comprise a new judgment:

> An order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed.

*Keith*, 909 F.2d at 746. Citing from the Supreme Court in *F.T.C. Regulator Co. v. Minneapolis–Honeywell*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952),[3] the court defined a "substantive change" as one that

> 'has disturbed or revised legal rights and obligations which, by [the lower court's] prior judgment, had been plainly and properly settled with finality.'

*Keith*, at 746. Both logic and the language of the rule itself suggest that where a judgment (new or otherwise) is entered, a separate document must follow.

## VI.

### ANALYSIS

■ Here, the sentence four remand order issued January 21, 1993. That order became final once the time for appeal expired. *Melkonyan*, 501 U.S. at 101–03, 111 S.Ct. at 2165. The time for appeal, however, did not begin to run until the court memorialized the order by entry of a separate document. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2632. On January 25, 1993, this court entered a separate document, a judgment which provided for remand and retention of jurisdic-

tion, in compliance with Rule 58. Had the court simply remanded the matter without going further, the remand would have satisfied both *Melkonyan* and *Schaefer*, and the time for filing an appeal would have expired on March 24, 1993. The period for petition for EAJA fees would have expired on April 24, 1993, thirty days later. 28 U.S.C. §§ 2412(d)(1)(B).

The Ninth Circuit's interpretation of *Hudson* requiring retention of jurisdiction, however, was controlling law at the time of the original remand. Consistent with that decision, the order retained jurisdiction in the district court pending a final decision by the Secretary. *See, Hudson*, 490 U.S. at 887–89, 109 S.Ct. at 2256. Standard practice in this and other circuits, prior to *Schaefer*, permitted the prevailing plaintiff to recover attorney's fees under EAJA for work performed during the remand period. *Hudson*, 490 U.S. at 887–91, 109 S.Ct. at 2256–57. At the time of the original January 25, 1993, final judgment, the plaintiff could have reasonably expected that she could wait to apply for EAJA fees up to 30 days after final determination by the *Secretary*, not 30 days after the "final judgment" itself. *See, id.*, at 891–93, 109 S.Ct. at 2258.

■ *Schaefer* changed this procedure and plaintiff's expectation. A sentence four, as opposed to a sentence six, remand order constitutes a final judgment. As a final judgment, the district court no longer retains jurisdiction over the matter. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2629. *Hudson*, the case upon which retained jurisdiction in Social Security cases was premised, was effectively overruled by *Schaefer*, at least as *Hudson* was applied in the Ninth Circuit. *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2636 (Stevens, J. dissenting).

To comply with the Supreme Court's newly articulated approach to sentence four remands, the case was *sua sponte* referred to the Magistrate Judge July 13, 1993. The August 9, 1993, order followed, vacating retention of jurisdiction. The order was served

---

3. *Minneapolis–Honeywell* found that when an amendment to a final judgment "resolves a genuine ambiguity" the time for appeal starts anew, but did not discuss whether Rule 58 applied to the "new" judgment.

on the parties and entered in the court's file August 9, 1993.

The Magistrate Judge and the Secretary advance three grounds for finding plaintiff's EAJA petition untimely: 1) This court complied with *Schaefer* when it entered a separate order and judgment January 21, 1993, which granted plaintiffs' motion for remand, thereby finalizing this matter and commencing the appeal period on January 25, 1993; 2) As a result, the August 9, 1993 order was not an amendment to the original order but a clarification for the sake of the parties; and 3) Even if the August 9th order was an amendment and the time for filing for EAJA fees recommenced, the plaintiff's application is nevertheless untimely as it came more than 90 days after August 9, 1993. Plaintiff contends that Rule 58 applies to the August 9, 1993 order, and required entry of a separate document labeled "judgment." Therefor, the time for appeal (and consequently the time for filing for EAJA fees) never expired.

Until June 24, 1993, when *Schaefer* was decided, *Hudson* was good law, and the courts and parties were justified in relying on it. To suggest that the January 25, 1993 judgment complied with *Schaefer* from the outset, despite the language in the original order retaining jurisdiction is disingenuous. In *Schaefer* the district court did not enter a final judgment, while here, the court did. Plaintiff here, could reasonably have been influenced by the language retaining jurisdiction, regardless of the "finality" of the judgment, up until the date *Schaefer* was decided, for she had no notice and no reason to know that the clock for filing an application for EAJA fees had started to run. The "final" judgment issued on January 25, 1993 was only final insofar as it concluded that stage of judicial review. By retaining jurisdiction the district court signaled to the parties that the case was not over. If anything, retaining jurisdiction over a case in which a judgment purporting to be final had been entered, caused confusion. Moreover, if the January 25, 1993, order marked the time the appeal clock started to run, the plaintiff would have had to apply for EAJA fees on or about April 25, 1993 (90 days later). This interpretation

violates *Hudson*—the controlling law at the time—and contradicted the original order itself, both of which allowed a party to wait until 30 days after the conclusion of the administrative proceedings before filing for EAJA fees.

Defendant maintains the August 9, 1993 order "did not disturb" the original order; i.e., that the second order simply "clarified" the issue for the sake of the parties, without modifying its content. This argument rests squarely on the premise that when *Schaefer* was decided, the law immediately changed for all cases then pending, regardless of language in the original orders to the contrary. Under such reasoning, no action was necessary to effectuate *Schaefer*.

Although *Schaefer* does not address its retrospective effect, the Supreme Court's decision in *Harper v. Virginia Department of Taxation*, —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993), directs that, where the Supreme Court announces a rule of federal law, the Supreme Court decision is *per se* retrospective in application. Similarly, *Rivers v. Roadway Express, Inc.*, —— U.S. ——, ——, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994), points out that, where the Supreme Court construes a statute contrary to controlling circuit court's authority, the Supreme Court's construction of the statute applies to pending cases because "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." When *Schaefer* changed the Ninth Circuit's construction of sentence four remand, the district court acted to delete language from its prior judgment which was no longer correct.

Where a lower court changes "matters of substance or resolves a genuine ambiguity in a judgment previously rendered," which had been "plainly and properly settled with finality," the time for appeal begins anew. *Minneapolis–Honeywell*, 344 U.S. at 211–12, 73 S.Ct. at 249; *Keith*, 909 F.2d at 746. The termination of jurisdiction by the August 9th order, modified the original judgment to "resolve[ ] a genuine ambiguity," created by the court's former order retaining jurisdiction and *Schaefer*; a change substantive enough

to restart the time for appeal, and consequently the time to petition for EAJA fees. *Minneapolis–Honeywell,* 344 U.S. at 211–13, 73 S.Ct. at 249.

 Defendant also contends that even if the amending order did more than clarify the issue and restart the time for EAJA fees, plaintiff's application still came more than 90 days after filing and service of the August 9th order, which was a separate order terminating jurisdiction and adopting the July 21, 1993, Supplemental Report and Recommendation of the Magistrate Judge, that gave express notice to plaintiff that EAJA attorneys' fees were in jeopardy and suggested a Fed.R.Civ.Pro. 60(b) motion might be required to preserve the right to seek EAJA attorneys' fees.

Plaintiff argues that the time for appeal never restarted, nor did the period for filing an EAJA fee petition, because Rule 58 compliance was not effected. 28 U.S.C. §§ 2412(d)(1)(B). What plaintiff really suggests is that Rule 58 requires not just the entry of a separate order, but entry of a separate document that is denominated a "Modification to Judgment." Rule 58 provides in relevant part:

> ... (2) Upon a decision by the Court granting other relief, ... the Court shall promptly approve the form of judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided under Rule 79(a).

Rule 79(a) provides in material part:

> The Clerk shall keep a book known as "civil docket".... and shall enter therein each civil action to which these rules are made applicable.... All ... orders, ... and judgments shall be entered chronologically in the civil docket in the folio assigned to the action and shall be marked with its file numbers ... The entry of an order or judgment shall show the date the entry is made....

The separate-document requirement of Rule 58 is to establish with certainty the time within which to file a notice of appeal. *Carter v. Beverly Hills Sav. & Loan Ass'n,* 884 F.2d 1186, 1190 (9th Cir.1989), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990). In *Carter,* the Ninth Circuit held that an entry in the minutes of the Court, which showed the case title, the presence of the judge, clerk, and court reporter, referred to dismissal of the case after settlement subject to retained jurisdiction over the matter for sixty days to vacate the order upon a showing of good cause that the settlement had not been completed, which bore a stamp showing the date of entry in the minutes with the initials of the Court Clerk, which minutes were mailed to counsel for the parties and entered in the civil docket book, did not comply with Rule 58 requirements because the document was not signed by either the judge or clerk. *Carter* held that such a procedural requirement was not undue: "To the contrary, it is very simple to comply with Rule 58. A judgment or *an order signed by the Judge* or the Clerk *that is a separate document labeled as a judgment or order would clearly comply.*" In this case, a separate order of August 9, 1993, signed by the Judge was filed with the Court and served on the parties.

*Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751, 754–756 (9th Cir.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986), considered whether a minute order was sufficient to satisfy Rule 58, where the order denying post-trial motions, was prepared at the direction of the District Judge, noted in the civil docket, file stamped and signed by a deputy clerk. The copy of the order mailed to counsel was file stamped, but unsigned. The order conformed with Rule 58, because the copy of the minute order mailed to plaintiff's counsel, with its language "IT IS ORDERED," clearly gave notice that an order had been entered against plaintiff. Counsel here received a copy of an order with "SO ORDERED" language and the file stamp on the document. Counsel should have checked the Court's record if there was any doubt about whether the Order was signed, rather than allow the period for appeal and to seek EAJA fees to expire and risk the possibility that a signed Order in fact had been entered.

The Ninth Circuit in *Beaudry Motor Co.* distinguished *Weldon v. United States,* 196 F.2d 874, 876 (9th Cir.1952), where an unsigned, typewritten labeled "minute order," denying plaintiffs' petitions, was not supported by a record that showed the District Court wrote or filed the order or caused it to be written or filed. Moreover, in *Weldon,* the minute order was never noted in the civil docket, and thus, never became effective or appealable. Likewise, in *Calhoun v. United States,* 647 F.2d 6, 8 (9th Cir.1981), the document at issue showed only that proceedings were held, a motion argued, which was ordered denied. The document, although signed and docketed by the clerk, contained no filing or other stamp of the district court, nor did the clerk mail copies to the parties. The Ninth Circuit held the document failed to comply with Rule 58 because it did not constitute "a separate order, but instead appeared to be a notation of the Court's proceedings." *Id.* at 9.

In this case Rule 58 was satisfied. A separate document signed by the district court judge, terminated jurisdiction in the district court and adopted a Supplemental Report and Recommendation that warned the plaintiff about perfecting her right to EAJA attorneys' fees, "definitively signaled the end of the litigation." *Hollywood,* 886 F.2d at 1232.

This was accompanied by Rule 79(a) compliance. The Court takes judicial notice of the docket in this case, No. 88–C–285 *Brown v. HHS,* which shows the following entry: "8/9/93 35 ORDER by Judge Wanger ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION, Statements in the 1/21/93 order which indicate that the court will reserve jurisdiction until completion of administrative proceedings on remand are stricken. [33–1] (cc: all counsel) (lm) [Entry date 08/10/93]"

■ Plaintiff, despite actual notice from a separate order, served on her counsel, which terminated jurisdiction and warned her that a 60(b) motion might be necessary to protect her right to EAJA attorneys' fees, nonetheless waited more than six months to file her EAJA attorneys' fees motion and did not file a Rule 60(b) motion. Although the Supreme

Court noted in *Mallis,* 435 U.S. at 386, 98 S.Ct. at 1121, quoting, 9 J. Moore, Federal Practice, ¶ 11.08(2), p. 119–120 (1970)): the separate document requirement should always be "interpreted to prevent loss of the right of appeal, not to facilitate loss;" here, the separate document requirement of Rule 58 was met and plaintiff was given more than adequate notice that the law had changed, jurisdiction terminated, and that she needed to timely move to protect her right to seek EAJA attorneys' fees. She did not do so. She offers no excuse for her failure and has not sought relief under Rule 60(b).

### VII.

### CONCLUSION

For all the reasons stated above, the plaintiff's petition for attorneys' fees under the EAJA is DENIED as untimely.

SO ORDERED.