Gilman v. SSA                              CV-93-413-B    06/04/96

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Albert Gilman

    v.                                           Civil No. 93-413-B

Shirley Chater, Commissioner
Social Security Administration



**O R D E R**

Albert Gilman moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA") as the prevailing party in his action for Social Security benefits. In a separate motion, he requests an award of attorneys' fees pursuant to 42 U.S.C.A. § 406(b). I address both requests in this order.

The Commissioner initially denied Gilman benefits, and he appealed the decision to this court. After answering Gilman's complaint, the Commissioner moved to reverse on the grounds that the Administrative Law Judge ("ALJ") had failed to provide a full and fair hearing, to make explicit findings, or to apply the law correctly. The Commissioner also moved to remand for rehearing

to obtain and consider updated medical reports.  Gilman concurred in the Commissioner's motion.  I granted the parties' agreed to motion to reverse the Commissioner's decision and to remand on January 7, 1994.  Judgment was entered accordingly on January 12, 1994, and the case was closed the same day.

Gilman represents that after rehearing, the ALJ determined that Gilman was eligible for disability benefits for a period beginning on May 1, 1992, and issued a decision awarding Gilman benefits on April 21, 1995.[1]  Gilman now moves for costs and attorneys' fees.

## 1.  Costs and Fees Under the EAJA

An application for costs and fees' under the EAJA must be filed "within thirty days of final judgment in the action."  28 U.S.C.A. § 2412(d)(1)(B).  A final judgment is a judgment entered by a court of law after the time for appeal has expired.  28 U.S.C.A. § 4212(d)(1)(G); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296 (1993).  Therefore, the question here is whether the judgment entered on January 12, 1994, became final after being entered or

---

[1]  There appears to be some confusion about the date of the decision issued by the ALJ.  The Commissioner refers to April 21, <u>1996</u>, as the date of the decision.

2

not until the proceedings on remand were complete.

A district court may remand a social security case only as provided by either sentence four or sentence six of 42 U.S.C.A. § 405(g).  <u>Schaefer</u>, 509 U.S. at 296.[2]  A sentence four remand is always preceded by a judgment, and the EAJA filing period begins after the judgment is entered and the appeal period has expired. <u>Id.</u>  A sentence six remand, however, is ordered without ruling on the administrative decision and requires the Commissioner to return to the district court for entry of a final judgment

---

[2]  Sentence four provides:  "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.A. § 405(g)
Sentence six provides:  "The [district] court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."  <u>Id.</u>

3

following the administrative proceedings after remand.  Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  The court may order a sentence six remand in only two situations: (1) when the Commissioner requests a remand before filing a response; or (2) when the district court is shown that new and material evidence exists that, for good cause, was not presented in the administrative proceedings.  Schaefer, 113 S. Ct. at 2629 n.2.

Despite Gilman's efforts to bend the proceedings in this case to meet the dimensions of a sentence six remand, it does not fit.  The first sentence six remand situation does not apply because the Commissioner answered Gilman's complaint before moving to reverse and for a remand.  The second situation does not apply because the remand was not based on findings by the court that new and material evidence existed and that the claimant had good cause for not presenting the evidence during the administrative proceeding.  Instead, the Commissioner cited errors in the proceeding before the ALJ that required reversal of the decision and requested a remand to correct the errors and omissions in the record.  Therefore, the circumstances of this case do not meet either of the two sentence six remand situations.

4

Rather than a sentence six remand, the prior order fits the description of a remand under sentence four. My endorsed order granted the Commissioner's motion to reverse the decision denying Gilman benefits and to remand for further proceedings. A separate judgment was entered on January 12, 1994, reversing the Commissioner's decision and remanding for rehearing. The case was closed the same day. Therefore, the thirty-day filing period for EAJA costs and fees began when the January 12, 1994, judgment became final, and not appealable. See 42 U.S.C.A. § 2412(d)(2)(G).

Whether the judgment was final and not appealable because the parties agreed to request an order to reverse and remand or became final upon the expiration of the sixty day appeal period, the EAJA thirty day filing period has long since passed. Thus, Gilman's motion for costs and fees under the EAJA is untimely by approximately two years. See Brown (Willadsen) v. Shalala, 859 F. Supp. 1304, 1307 (E.D. Cal. 1994) (application for EAJA fees must be made within ninety days of the judgment following a sentence four remand order). For that reason, Gilman's request for costs and fees under the EAJA is denied.

5

## 2. Fees Under 42 U.S.C.A. § 406(b)

A court may award reasonable attorneys' fees for representation of a social security action in court, not to exceed 25% of the total of the claimant's past-due benefits determined in the proceedings. 42 U.S.C.A. § 406(b)(1)(A). In his motion for fees, Gilman represents that the ALJ has issued a decision granting him past-due benefits and that the requested fees of $1,810.93 are 25% of his past-due benefits. Although he provides his attorney's itemized time bill to support the fees requested, he has not submitted a copy of the final decision of the Commissioner awarding him past-due benefits. The Commissioner does not oppose Gilman's motion but represents that the decision favorable to Gilman issued by the ALJ is not yet the final decision of the Commissioner because the time for Appeals Council review has not expired.

The record is insufficient to support Gilman's request. Without a final decision of the Commissioner, I cannot determine whether Gilman is entitled to past-due benefits or whether his request for fees is reasonable and no more than 25% of the amount to which he is entitled. Therefore, Gilman's motion for an allowance of fees under section 406(b) is denied without prejudice to his right to make the same request properly

6

supported with an adequate record of the decision of the Commissioner.

## **CONCLUSION**

For the foregoing reasons, Gilman's motions for costs and fees pursuant to the EAJA (document 11) is denied, and his motion for fees pursuant to 42 U.S.C.A. § 406(b) (document 12) is denied without prejudice.

SO ORDERED.

                        _____
                        Paul Barbadoro
                        United States District Judge

June 4, 1996

cc:  Raymond J. Kelly, Esq.
     Patrick Walsh, Esq.

7