**Arthur H. COURSHON and Jack R.**
**Courshon, Plaintiffs–Appellees,**

v.

**Phyllis Pollak BERKETT, individually**
**and as Co–Conspirator and as Beneficiary of the Albert Pollak Trusts;**
**James Pollak, individually as Co–Conspirator and as Beneficiary of the Al-**

bert Pollak Trusts; Gail Pollak Baril, individually as Co–Conspirator and as Beneficiary of the Albert Pollak Trusts, Defendants,

Patricia Pollak Weiss, individually as a Co–Conspirator, and as the Purported Successor Trustee and Beneficiary of the Albert Pollak Trusts, and Thomas Pollak, individually, as Co–Conspirator, and as Beneficiary of the Albert Pollak Trusts, Defendants–Appellants.

Thomas POLLAK, Plaintiff–Appellant,

v.

Arthur H. COURSHON and Jack R. Courshon, Defendants– Appellees.

Nos. 00–7421(L), 00–7685(CON).

United States Court of Appeals, Second Circuit.

July 17, 2001.

Patricia Pollak Weiss, Sag Harbor, NY; Thomas Pollak, New York, NY, pro se.

Glenn P. Berger, Jaffe & Asher, New York, NY; Lisa F. Smith, of counsel, for appellees.

Present McLAUGHLIN, STRAUB, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendants–Appellants Patricia Pollak Weiss ("Weiss") and Thomas Pollak ("Pollak") appeal from separate orders of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge* ) (1) denying Weiss's motion seeking to quash a subpoena against her, (2) denying Weiss's motion for reconsideration of the original denial, and (3) denying Pollak's joinder motion. The District Court rejected Weiss's arguments that a judgment against her and Pollak was a nullity because it had not been entered in compliance with either Fed. R.Civ.P. 58 or 28 U.S.C. § 1963. The District Court denied Pollak's joinder motion as moot in light of the fact that he had filed a plenary action seeking the same relief being requested by Weiss. The District Court thereupon dismissed Pollak's plenary action; Pollak separately appeals from that dismissal.

In March 1995, after a jury trial, a judgment was entered in the United States District Court for the Southern District of Florida in favor of Plaintiffs Appellees Arthur H. Courshon and Jack R. Courshon (collectively "Courshons") against Weiss and Pollak. The Courshons, who had brought suit raising various tort and contract claims, were awarded monetary damages on thirteen counts. Thereafter, in October 1995, the Florida court granted the appellants' motion for a remittitur of

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

the punitive damages award on count thirteen, reducing the punitive damages against each appellant from $1,015,000 to $500,000. In a March 8, 1996 order, the Florida district court stated that the judgment, as amended by the October 1995 remittitur, could be "filed and registered in any court of competent jurisdiction for the purpose of enforcing or executing" the final judgment. The judgment was thereupon registered in the Southern District of New York on March 23, 1996, and in the New York State Supreme Court on June 3, 1996.

Pollak and Weiss then appealed the Florida district court judgment to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed the district court judgment in all respects except for the punitive damage award on count thirteen, which it vacated; the court then remanded for further factfinding with respect to the damages issue. In accordance with the Eleventh Circuit's mandate, the district court heard additional evidence on the damages issue and, on July 9, 1999, entered an order further reducing the punitive damages award to $3.00 against Weiss and $1.00 against Pollak.

In an effort to enforce the judgment in the Southern District of New York, the Courshons served Weiss with a *subpoena duces tecum*, requiring that she appear and produce certain documents. When Weiss failed to comply with the subpoena, the Courshons moved by order to show cause, pursuant to Fed.R.Civ.P. 69 and New York C.P.L.R. § 5251, to hold Weiss in contempt. While admitting that an outstanding judgment against her did exist, Weiss maintained that the judgment registered in New York—which was registered before the July 1999 reduction in punitive damages—stated the improper amount. Accordingly, pursuant to Fed.R.Civ.P. 58, she requested, *inter alia*, that the Cour-

shons be directed to return to the Florida courts to obtain an amended judgment and that the subpoena against her be quashed.

In connection with a hearing on Weiss's motion to quash, the Courshons submitted to the court copies of the following documents: the Florida district court final judgment; the order reducing by remittitur the punitive damages on count thirteen; the order stating that the judgment, as modified by the remittitur, could be registered in another court; the Eleventh Circuit's decision vacating and remanding on the punitive damages issue; and the Florida district court's subsequent order further reducing the punitive damages. Weiss submitted further opposition papers as well, in which she argued that the judgment registered in New York was also improper under 28 U.S.C. § 1963 since it did not comply with the registration order and did not accurately reflect the amount of the judgment.

The District Court denied Weiss's motion on March 8, 2000, and ordered her to appear for examination with relevant documents. The court noted that this Court's decision in *Cooper v. Town of East Hampton*, 83 F.3d 31 (2d Cir.1996), did not decide the issue of whether Rule 58 requires the entry of a separate judgment in a case such as Weiss's. The court nonetheless concluded that, following the reasoning in *Wright v. Preferred Research, Inc.*, 937 F.2d 1556 (11th Cir.1991), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992), a separate judgment was not required because (1) the principal purpose of Rule 58—to establish when the time for appeal begins to run—was not implicated; (2) it was unclear whether the Florida court would enter an amended judgment since, under *Wright*, an amended judgment was not required; and (3) Weiss was not prejudiced by the lack of a separate judgment since it was undisputed that she did owe some amount to the Courshons.

Weiss subsequently filed a reconsideration motion which the court denied.

■ Although he did not appear at the hearing on Weiss's motion to quash, Pollak filed a motion to join in the proceedings. While his joinder motion was pending, Pollak filed a separate action in the Southern District of New York requesting that the judgment registered against him be declared improper under section 1963 and vacated until the Florida court issued an amended judgment. The court denied Pollak's joinder motion as moot. By a separate order entered April 25, 2000, the court denied his request for a declaratory judgment and injunctive relief for the same reasons that Weiss's motion to quash was denied.[1]

On April 7, 2000, Weiss and Pollak filed a timely notice of appeal from the District Court orders denying Weiss's motions to quash and for reconsideration and Pollak's joinder motion. On May 3, 2000, Pollak filed a timely notice of appeal from the District Court order denying his request for a declaratory judgment and injunctive relief.

■ First, we hold that Pollak does not have standing to contest the denial of Weiss's motion to quash the subpoena and her subsequent reconsideration motion, as Pollak has not suffered an injury as a result of these District Court rulings. *See Gladstone, Realtors v.. Village of Bellwood*, 441 U.S. 91, 100, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) ("A plaintiff must always have suffered a distinct and palpable injury to himself that is likely to be redressed if the requested relief is granted." (internal quotation marks and citation omitted)). The mere fact that Pollak may suffer some future injury as the result of the denial of Weiss's motions because he, as well as Weiss, will be required to satisfy the outstanding judgment, is not sufficient to confer standing on Pollak with regard to these orders. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1091 (2d Cir. 1995).

■ Weiss, who has suffered a concrete, particularized injury, does have standing to contest the District Court's orders pertaining to her motions.[2] Weiss

1. There is some confusion as to the status of Pollak's action. Pollak filed a complaint seeking a declaratory judgment and injunctive relief. He then moved for the same relief by order to show cause. The District Court denied this motion "for the reasons set forth in the court's memorandum and order" denying Weiss's motion to quash the subpoena. No separate judgment was entered dismissing Pollak's complaint. However, inasmuch as Pollak's motion sought the exact same relief as his complaint, we construe the denial of the motion as a final decision on the merits, and note that Pollak's filing of a notice of appeal serves as a waiver of Rule 58's separate document requirement. *See Selletti v. Carey*, 173 F.3d 104, 109–10 (2d Cir.1999) ("Where an order appealed from clearly represents a final decision and the appellees do not object to the taking of an appeal, the separate document rule is deemed to have been waived and the assumption of appellate jurisdiction is proper.").

2. There is some question as to whether we have jurisdiction over Weiss's appeal because, with limited exceptions inapplicable here, the denial of a motion to quash a subpoena is generally not immediately appealable as a final decision under 28 U.S.C. § 1291. *See In re Grand Jury Subpoena Duces Tecum Dated May 29, 1987*, 834 F.2d 1128, 1130 (2d Cir. 1987). However, we may assume that we have jurisdiction over Weiss's appeal and proceed to the merits because "only statutory restrictions on our jurisdiction and not constitutional ones would be involved. And the Supreme Court has barred the assumption of 'hypothetical jurisdiction' only where the potential lack of jurisdiction is a constitutional question." *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 817 n. 11 (2d Cir.2000) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

maintains that the District Court erred in rejecting her argument that the judgment registered in the Southern District of New York was invalid in that it failed to comply with Fed.R.Civ.P. 58 because it was not the correct, amended judgment of the Florida court. Rule 58 states that "[e]very judgment shall be set forth on a separate document ... [and] is effective only when so set forth." Fed.R.Civ.P. 58. The separate document requirement was intended to prevent the loss of the right to appeal where a party mistakenly waits to file a notice of appeal, believing that a final judgment has not been entered. *See United States v. Indrelunas,* 411 U.S. 216, 220–22, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).

■ We find that the purposes underlying Rule 58 render the rule inapplicable here. The Supreme Court has stated that Rule 58 must be "mechanically applied" where there is a question as to the timeliness of an appeal, a measure necessary "to avoid the uncertainties that once plagued the determination of when an appeal must be brought." *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam) (citing *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958)). Mechanical application of Rule 58 is not required, however, where such issues of timeliness are not present, and the rule's requirements may be deemed waived where an order clearly indicates that it terminates the litigation and the parties have not objected to the taking of an appeal. *See Bankers Trust,* 435 U.S. at 387–388, 98 S.Ct. 1117. The ability to waive the rule's requirements is consistent with the "spirit of the Federal Rules of Civil Procedure," which should be interpreted so as "to secure the just, speedy, and inexpensive determination of every action." *Id.* In keeping with these practical considerations, the Court in *Bankers Trust* held that the purpose of Rule 58 would not be advanced by dismissing an appeal for lack of jurisdiction where an appeal has been taken despite the absence of a separate judgment and there is no question of timeliness. *See id.* at 385, 98 S.Ct. 1117. "Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." *Id.* " '[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced.... The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.' " *Id.* at 386, 98 S.Ct. 1117 (quoting 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 110.08[2] (1970)).

■ That reasoning also applies here and compels us to employ a "commonsense interpretation" of the rule. *Id.* at 387, 98 S.Ct. 1117. The Florida district court entered a separate judgment in accordance with Rule 58 after the motion for remittitur was granted, but did not enter such a separate document after the Eleventh Circuit's mandate and subsequent district court ruling on the punitive damages amount on count thirteen. However, there is no question here about the finality of the judgment against the appellants or the date on which the time to appeal began to run. In fact, the appellants admit that there is an outstanding judgment against them. As such, Rule 58 and its separate document requirement are simply not implicated here. *See id.* at 384, 98 S.Ct. 1117 ("The sole purpose of the separate-document requirement ... was to clarify when the time for appeal ... begins to run.").

The sole issue here is the amount of damages to be awarded to the Courshons. While the damages calculation is not part of the judgment registered in the Southern District of New York, all of the documents necessary to calculate the final damage

award against each appellant have been filed in the Southern District of New York. It would be inefficient, and contrary to the spirit of the Federal Rules of Civil Procedure, to require the Florida court to issue a new, separate amended judgment. *See id.* at 386–87, 98 S.Ct. 1117. Should an amended judgment be entered, the Courshons would likely register the judgment again in the Southern District of New York, thus beginning the process of enforcement all over again and spinning wheels "for no practical purpose." *Id.* at 385, 98 S.Ct. 1117. Moreover, there is no reason to believe that a request for an amended judgment would be granted because, under *Wright,* the controlling precedent for the Florida district court, such a separate document is not required. Finally, the absence of a separate document did not prejudice the appellants. *See id.* at 387, 98 S.Ct. 1117. The appellants' Rule 58 argument appears to be little more than a tactic to delay their obligation to pay the judgment against them. Thus, the District Court properly rejected Weiss's argument and denied her motions to quash the subpoena and to reconsider its prior decision.

To the extent that both Weiss and Pollak argue that the judgment was not registered in accordance with section 1963, their contention is similarly baseless. Section 1963 provides that a money judgment entered in a district court "may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Contrary to the appellants' assertions that the judgment was improperly registered in 1995, the record indicates that the judgment was registered in the Southern District of New York only after the Florida court's order providing for such registration. Thus, section 1963 presents no basis for invalidating the judg-

ment currently registered against the appellants and, as such, Weiss's motion on this basis and Pollak's request for a declaratory judgment and injunctive relief were properly denied.

Pollak alone has standing to contest the denial of his joinder motion. *Cf. Bogus v. American Speech & Hearing Ass'n,* 582 F.2d 277, 291 (3d Cir.1978) (party is not aggrieved by denial of non-party's motion to intervene and thus has no standing to raise the issue on appeal). However, his reliance on the Supreme Court's decision in *Friends of Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), is misplaced and presents no basis for reversing the District Court's denial of his motion. In *Friends of Earth,* the Supreme Court stated that a case does not become moot as the result of voluntary action or compliance by the plaintiff where the complained of action or injury is likely to recur. *See* 528 U.S. at 170–71, 120 S.Ct. 693. This "capable of repetition, yet evading review" doctrine, as applied in cases other than class actions, is limited to situations in which there was a "reasonable expectation" or "demonstrated probability" that the same controversy would recur involving the same party. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). This facet of the mootness doctrine, applicable only in exceptional situations, does not apply here as Pollak's argument is based solely on mere speculation that the parties will be involved in a dispute over the same issue. *See Dennin v. Connecticut Interscholastic Athletic Conf.,* 94 F.3d 96, 101 (2d Cir. 1996).

We have considered the parties' remaining arguments and find them without merit. For the reasons set forth above, we

AFFIRM the judgment of the District Court.